**In the Matter of Richard W. WHITLOCK, A Member of the Bar of the District of Columbia Court of Appeals.**

**Nos. M–45–80, M–62–81.**

District of Columbia Court of Appeals.

M–45–80 Argued Sept. 29, 1980.

M–62–81 Argued Sept. 21, 1981.

Decided Feb. 10, 1982.

David C. Bastian, Bethesda, Md., for respondent in M–45–80.

Charles L. Kent, Asst. Bar Counsel, Washington, D. C., at the time the case was argued, for petitioner in M–45–80.

Richard W. Whitlock, pro se in M–62–81.

Joseph Mayer, Asst. Bar Counsel, Washington, D. C., for petitioner in M–62–81.

Before HARRIS, MACK and FERREN, Associate Judges.

PER CURIAM:

This court has reviewed two reports and recommendations of the Board on Professional Responsibility adopting Hearing Committee findings that respondent neglected legal matters entrusted to him, DR6–101(A)(3), failed to seek the lawful objectives of his clients and to carry out contracts of employment for professional services, DR7–101(A)(1) and (2), and failed to comply with court orders and to respond

to Bar Counsel's requests, DR1–102(A)(5). The Board recommended consecutive six-month suspensions from the practice of law, for a total of twelve months. While the record supports the Board's findings of fact, we conclude that our rules requirement of consistency with other dispositions calls for imposition of one six-month suspension for respondent's conduct involved in both proceedings.

### No. M–45–80

This proceeding concerns this court's appointment of respondent to represent defendants in two criminal appeals. He took no further steps after filing notices of appeal. According to the Board:

> In each case he failed to file a brief within the prescribed 40-day period, whereupon in each case the appellate Court entered an order directing him to file a statement within 10 days setting forth the reasons for his failure to file the brief. No such statement was filed by respondent in either of the cases. The Court in each case then ordered the respondent to show cause within 10 days, (1) why the Order of Appointment should not be vacated, and (2) why the Court should not refer the matter to the Board on Professional Responsibility for appropriate action in light of the appellate delay and counsel's refusal to diligently prosecute the appeal on behalf of his client. Respondent still made no response, whereupon the Court removed respondent as attorney in each case and referred the matter of his conduct to the Board.

Respondent failed to respond to inquiries from Bar Counsel about each case. After disciplinary proceedings had begun as to each, respondent filed answers admitting the truth of the allegations of negligence but pleading ill health and lack of prejudice to the client.

Respondent appeared *pro se* and testified before the Hearing Committee. According to the Board:

> The Hearing Committee properly found that respondent's conduct violated the Code of Responsibility as follows:

a. DR6–101(A)(3) in that he neglected legal matters entrusted to him;

b. DR7–101(A)(1) in that he failed to seek the lawful objectives of his clients through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR7–101(B);

c. DR7–101(A)(2) in that he failed to carry out contracts of employment entered into with clients for professional services, except as withdrawal is permitted under DR2–110, DR5–102 and DR5–105; and

d. DR1–102(A)(5) in that he failed to comply with Court Orders and respond to Bar Counsel's requests.

The Hearing Committee also found that the physical condition of the respondent was relevant to the subject matter of the two complaints against him, and was a factor which it should consider under Rule XI Section 16(2). It recommended that pursuant to Rule XI Section 16(3) respondent be issued a reprimand for his conduct, and be placed on probation for a period of one year, during which period he would be required periodically to report to Bar Counsel on the condition of his health, and the quantity and quality of his case load, with the right of Bar Counsel to make such recommendations to the Board based on this information as he deemed appropriate.

When the cases came on for review before this Board, the respondent again appeared and made an argument in person. Again he admitted the truth of the charges, but said that because of his heavy case load at the time, the two appeals "simply fell between the cracks." He also stated that because of his increasing ill health he thought he might now have to withdraw from active practice at the Bar.

This Board recognizes the pressures which face attorneys who have a large trial and appellate case load, and it accepts respondent's statements that he was not in good health and was having marital difficulties at the time involved.

On the other hand, respondent was voluntarily maintaining a very active CJA practice during this period, and this Board finds inexcusable his complete neglect of his duties as an attorney in the appeal of the two cases—neglect which was compounded by his ignoring the repeated warnings from the Court. The fact that the appeals turned out to be without merit has no bearing upon respondent's conduct.

The Board is likewise of the opinion that Rules XI Sections 16(2) and (3) are not relevant to these cases. The Hearing Committee has not recommended any physical or mental examination of the respondent at this time, and this Board sees no occasion to do so.

It is the recommendation of this Board that respondent be formally suspended from the practice of law for a period of six (6) months.

### No. M–62–81

As a result of a finding of contempt against respondent by Judge Carlisle E. Pratt on June 1, 1979 after respondent had failed to appear in court, Bar Counsel alleged two violations: (1) DR6–101(A)(3) in that respondent neglected a legal matter, and (2) DR1–102(A)(5) in that he failed to comply with Court Orders and respond adequately to Bar Counsel's requests for cooperation in the investigation of the contempt case.

Initially, respondent failed to appear for scheduled hearings, but eventually he did so, explaining that poor health had prevented his earlier appearance. The Hearing Committee found no violation of DR6–101(A)(3) because of the Committee's understanding that violation of that rule required prejudice to the client, as well as neglect, and the Committee found that the matter before Judge Pratt had been resolved in a manner wholly satisfactory to the client. The Committee, however, did find a violation of DR1–102(A)(5) for disrupting the trial court schedule, for which it recommended an informal admonition. The Committee also recommended a public censure for violating the same rule by deliberately and calculatedly failing to cooperate with Bar Counsel.

Bar Counsel recommended to the Board a suspension from the practice of law for a period of a year and a day, to run concurrently with the six months' suspension recommended in No. M–45–80. Respondent argued that the Hearing Committee's recommendations should be affirmed.

While rejecting the Hearing Committee's suggestion that a finding of neglect must be predicated on a showing of actual prejudice to the client, the Board accepted the Committee's determination that there had been no neglect of a legal matter. While acknowledging that the charges of conduct prejudicial to the administration of justice were "less serious in the instant case than" in No. M–45–80, the Board concluded that "[b]oth the contempt of the Court and the refusal to cooperate with Bar Counsel in the instant case represent a continuation of such conduct found in the previous cases decided by the Board and establish a pattern of such conduct by the respondent." The Board accordingly recommended a six-month suspension "to run consecutively to any suspension imposed by the Court" in No. M–45–80.

### Disposition

Rule XI, § 7(3) of the Rules of this Court Governing the Bar of the District of Columbia provides our standard of review:

> In considering the appropriate order, the Court shall accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted.

While we accept the Board's findings, we cannot accept the recommendations for two, consecutive six-month suspensions, for "to do so would foster a tendency toward inconsistent dispositions for comparable conduct."

More specifically, the record supports the findings of intentional failure to cooperate with Bar Counsel and the disciplinary process, contempt of court, and neglect of legal matters. Moreover, while poor health, marital difficulties, and a heavy case load undoubtedly contributed to respondent's acts and omissions, they do not excuse respondent's conduct. On the other hand, respondent admitted his wrongdoing, was contrite, had an unblemished record for ten years, did not prejudice the clients involved, and undoubtedly was under severe physical and mental strain which, while not excusing his conduct, do count in mitigation.

Under these circumstances, we find a year's suspension excessive. *Compare In Re Fogel*, D.C.App., 422 A.2d 966 (1980) (suspension for year and a day based on neglect of client matter, falsehoods to court and client, prior misconduct) *with In Re Russell*, D.C.App., 424 A.2d 1087 (1980) (suspension for six months for failure to seek lawful objective of client and lack of cooperation with Bar Counsel). Accordingly, we conclude that an appropriate disposition would be suspension from the practice of law for six months, effective 30 days from the date hereof.

*So ordered.*