## In re Mark D. SIEGEL, Respondent.

## A Member of the Bar of the District of Columbia Court of Appeals.

### Nos. 92–SP–807, 93–SP–183.

District of Columbia Court of Appeals.

Submitted Dec. 3, 1993.

Decided Dec. 22, 1993.

Before ROGERS, Chief Judge, and TERRY and FARRELL, Associate Judges.

PER CURIAM:

Before us are two unrelated but consolidated disciplinary matters in which the Board on Professional Responsibility has recommended that we impose a combined sanction of suspension for six months plus the requirement that respondent prove fitness as a condition of reinstatement. Respondent does not contest the recommendation—indeed, despite proper notice, he took part in neither disciplinary hearing and filed no exceptions to the recommendations of the two Hearing Committees.

█ We accept the recommendation of the Board. *See In re Thompson,* 492 A.2d 866, 867 (D.C.1985) (Board's task, where separate cases involving same respondent are at different steps of the disciplinary process, is to make a single combined recommendation to the court as to the appropriate sanction). In particular, we accept as supported by substantial evidence, D.C.Bar R. XI, § 9(g), the Board's findings in No. 92–SP–807 that respondent violated Rules 1.3(a), 1.3(b)(1), 1.3(b)(2), and 8.4(c) of the District of Columbia Rules of Professional Conduct.[1] We like-

---

1. Rule 1.3(a) relates to failure to represent a client zealously and diligently within the bounds

of the law; Rule 1.3(b)(1) relates to intentional failure to seek the lawful objectives of a client through reasonably available means permitted by law and the disciplinary rules; Rule 1.3(b)(2) relates to intentional prejudice or damage to a client during the course of the professional rela-

wise accept the Board's finding in No. 93–SP–183 that respondent violated Rule 8.4(d) by engaging in conduct that seriously interfered with the administration of justice. Specifically, the Board found that, in connection with Bar Counsel's investigation of a complaint lodged against respondent by a client, respondent

> sought to avoid his responsibilities by deliberate evasion of Bar Counsel and his agents. Respondent's failure to cooperate at any level with Bar Counsel's investigation of the underlying complaint and his failure to respond to the orders of this Board and the court resulted in a substantial waste of resources and seriously interfered with the efficient administration of the disciplinary system. The facts in *Siegel I* [No. 92–SP–807] as amplified by the evidence in this matter show a pattern of serious and persistent avoidance of ethical obligations which, as the Hearing Committee noted, "casts grave doubt on [respondent's] fitness to practice law."

These findings too are supported by substantial evidence in the record.

Finally, we accept the Board's uncontested recommendation of suspension for six months together with the requirement that respondent prove fitness prior to reinstatement. *See* D.C.Bar R. XI, § 9(g) (court shall adopt the Board's recommended sanction "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted"). The recommended suspension for six months is consistent with our past decisions. *E.g., In re Delate,* 579 A.2d 1177 (D.C.1990); *In re Whitlock,* 441 A.2d 989 (D.C.1982); *In re Russell,* 424 A.2d 1087 (D.C.1980).

■ In support of the requirement of proving fitness, we need not look beyond our recent decision in *In re Steele,* 630 A.2d 196 (D.C.1993), where we stated:

> In the circumstances of the present case, which concerns not only respondent's neglect of a legal matter but also her failure to cooperate with Bar Counsel, her failure to provide information to explain the misconduct, and her acknowledgment of un-

identified personal problems that adversely affected her emotional stability and caused her to abandon a client's case, we have come to the conclusion that we cannot be reasonably assured of the fitness of respondent to engage in the practice of law without requiring her to demonstrate her fitness before resuming practice.

*Id.* at 201. Similar concerns arise with respect to respondent's behavior in the case at bar. As the Board found, the pattern of respondent's recent failures to cooperate in the disciplinary process casts serious doubt upon his ability to practice law within the bounds of ethical requirements. While missing here is the evidence of "personal problems" affecting the attorney's mental stability present in *Steele,* in that case the attorney at least communicated with Bar Counsel about the source of her problems; respondent has been deliberately silent in response to Bar Counsel's repeated request for explanations. The fitness requirement insures that "resumption of the practice of law will not be detrimental to the integrity and standing of the Bar or to the administration of justice, or subversive to the public interest." *Id.* (quoting *In re Roundtree,* 503 A.2d 1215, 1217 (D.C.1985)). In circumstances where the respondent has repeatedly evinced indifference (or worse) toward the disciplinary procedures by which the Bar regulates itself, a requirement that the attorney prove fitness to resume practice is entirely reasonable.

Accordingly, effective thirty days from the date of this opinion, respondent shall be suspended from the practice of law in this jurisdiction for six months, and shall be required to prove fitness as a condition of reinstatement.

*So ordered.*

---

tionship; and Rule 8.4(c) relates to dishonesty, fraud, deceit or misrepresentation.