**In re John SPAULDING, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 93–SP–875.**

District of Columbia Court of Appeals.

Submitted Dec. 1, 1993.
Decided Dec. 22, 1993.

---

Before FARRELL and WAGNER,
Associate Judges, and MACK, Senior Judge.

PER CURIAM:

In its Report and Recommendation, the Board on Professional Responsibility agreed with the findings of a Hearing Committee that respondent, an attorney,

(a) violated DR 6–101(A)(3) by neglecting a matter entrusted to him;[1]

(b) violated DR 6–101(A)(2) by undertaking to handle a legal matter he was not competent to handle; and

(c) violated DR 1–102(A)(4) by engaging in conduct involving dishonesty or misrepresentation.[2]

However, contrary to the recommendation of the Hearing Committee that the sanction be limited to public censure, the Board has recommended that respondent be suspended from the practice of law for thirty days, but that the suspension be stayed in favor of probation for a period of one year, subject to specific conditions. Respondent litigated the issues before the Hearing Committee and the Board, but has filed no exceptions in this court to the Board's Report and Recommendation.

We agree, substantially for the reasons stated by the Board, that respondent violated the disciplinary rules in the respects found by the Hearing Committee and the Board. We further hold that the sanction of probation, upon the conditions enumerated by the Board, is appropriate. *See In re Charles F. Stow, III*, 633 A.2d 782 (D.C.1993) (sanction of probation appropriate even though case involved no allegation of use of or addiction to a controlled substance or to alcohol).

Accordingly, to commence within thirty days from the date of this opinion, respondent John Spaulding shall be suspended from the practice of law for a period of thirty days, but this suspension shall be stayed and instead respondent shall be placed on probation for a period of one year, conditioned upon the following terms:

(a) respondent shall not, during the probationary term, undertake any client representation in matters that he is not competent to handle;

(b) respondent shall enroll in, and complete, at least two Continuing Legal Education courses, one of which must be in the subject of professional responsibility, and shall provide written certification to Bar Counsel that he has completed these courses; and

(c) in the event that issues arise in an existing representation that involve unanticipated areas of expertise, as to which respondent doubts his competency, he shall consult with, and seek advice from, a member of the D.C. Bar with experience in such new areas, the consultation to be general in nature so as to avoid breach of any client confidence and to prevent any

---

1. Specifically, respondent had failed to comply with judicially imposed discovery deadlines and failed to communicate important case developments to the client in question.

2. The Board accepted the Hearing Committee's finding that, after the dismissal of the client's federal lawsuit had been affirmed by the United States Court of Appeals for the District of Columbia Circuit, respondent agreed to pursue the case by way of a petition for a writ of certiorari in the United States Supreme Court but then, after letting the time for filing a petition expire, "[left the client] with the false impression that her case was still alive...."

suggestion that the attorney consulted is in any way associated with the subject case.[3]

*So ordered.*

---

**3.** Similarly, with respect to any *new* matter of representation which respondent is uncertain of his competence to undertake, he shall consult in advance with Bar Counsel or a member of the D.C. Bar in the manner set forth in the text.