In re John H. LOCKIE, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 92–BG–1338.

District of Columbia Court of Appeals.

Submitted Sept. 22, 1994.

Decided Oct. 24, 1994.

Before WAGNER, Chief Judge, TERRY, and KING, Associate Judges.

PER CURIAM:

In its Report and Recommendation, the Board on Professional Responsibility ("the Board") recommended that respondent John H. Lockie be suspended from the practice of law in the District of Columbia for a period of thirty days, and be required to prove his fitness as a condition of reinstatement, based upon its finding that respondent had violated the following disciplinary rules: Rule 8.4(d) of the District of Columbia Rules of Professional Conduct (serious interference with the administration of justice), and D.C.Bar R. XI, § 2(b)(3) (failure and refusal to respond to an order of the Board). These violations relate to respondent's failure to cooperate with the Board and Bar Counsel concerning the investigation of charges against him of serious ethical misconduct in two other disciplinary matters. Similarly, respondent did not take part in the disciplinary hearing related to this proceeding, and he filed no exception to the Board's recommendation. See D.C.Bar R. XI, § 9(e). Bar Counsel "supports the report and recommendation of the Board on Professional Responsibility in this matter."

■ When determining the relevant sanction to impose against an attorney who has violated disciplinary rules, we accept the Board's findings of fact if they are supported by substantial evidence,[1] and we adopt the Board's recommended disposition unless doing so would "foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C.Bar R. XI, § 9(g). See also In re Steele, 630 A.2d 196, 199 (D.C.1993); In re Hutchinson, 534 A.2d 919, 924 (D.C.1987) (en banc). In previous cases involving a failure to cooperate with a disciplinary investigation we have imposed a suspension in the range of thirty days to six months. See, e.g., In re Siegel, 635 A.2d 345 (D.C.1993) (failure to

1. We conclude that the findings are indeed sup- ported by substantial evidence in the record.

zealously represent client; failure to seek client's lawful objectives; intentionally prejudicing client; engaging in dishonesty, fraud, deceit, or misrepresentation; and refusal to cooperate in disciplinary process warranted six-month suspension); *In re Dietz*, 633 A.2d 850 (D.C.1993) (neglect of case, failure to repay fee, and failure to abide by promise to Hearing Committee to finish work on case warranted thirty-day suspension); *In re Steele, supra*, 630 A.2d 196 (neglect of legal matter, failure to cooperate in disciplinary process, and acknowledgment of emotional instability warranted sixty-day suspension); *In re Solomon*, 599 A.2d 799 (D.C.1991) (failure to repay fee after respondent assured Bar Counsel he would do so warranted thirty-day suspension). In two of those cases, we imposed the additional requirement that the respondent demonstrate fitness as a condition to reinstatement. *See In re Siegel, supra*, 635 A.2d at 346; *In re Steele, supra*, 630 A.2d at 201–02.

■ In the cases cited *supra*, involving a lack of cooperation, one or more additional disciplinary violations were also established. Thus, we have never suspended an attorney solely on the basis of a failure to cooperate with the Board and Bar Counsel. However, in this case, respondent's persistent and deliberate disregard of the repeated efforts of Bar Counsel and the orders of the Board has, so far as this record shows, prevented Bar Counsel from completing the investigation of the two serious charges which prompted this disciplinary proceeding. We agree with the view expressed by the Board that:

> egregious failure to cooperate with the Office of Bar Counsel and th[e] Board constitutes a serious violation of the D.C. Rule[s] of Professional Conduct, and that an offender runs the risk of being subjected to serious sanctions, including a suspension coupled with a requirement to show fitness to practice law.

We conclude, therefore, that "[i]n circumstances where the respondent has repeatedly evinced indifference (or worse) toward the disciplinary procedures by which the Bar regulates itself, a requirement that the attorney prove fitness to resume practice [together with a thirty-day suspension] is entirely reasonable." *In re Siegel, supra*, 635 A.2d at 346.

In addition to the sanction recommended by the Board, we believe that a further condition of reinstatement is necessitated in order to call respondent's attention to the efforts of Bar Counsel and the Board with respect to the underlying disciplinary proceedings. Thus, we further conclude that respondent should be required to demonstrate as a condition of reinstatement that he has responded to the inquiries of Bar Counsel and the orders of the Board pertaining to those investigations. *See* D.C.Bar R. XI, § 8(a) ("An attorney under investigation has an obligation to respond to Bar Counsel's written inquiries in the conduct of an investigation, subject to constitutional limitations. In the event of an attorney's failure to respond to such an inquiry, Bar Counsel may request the Board to enter an appropriate order.")

Accordingly, it is ORDERED that respondent shall be, and hereby is, suspended from the practice of law in the District of Columbia for a period of thirty days from the date hereof.

It is FURTHER ORDERED that, as conditions of reinstatement, respondent shall be, and hereby is, required to prove fitness and that he has responded to the inquiries of Bar Counsel and the orders of the Board pertaining to the underlying disciplinary proceedings subject only to the limitations specified in D.C.Bar R. XI, § 8(a).

*So ordered.*