**In re Stephen S. MILLSTEIN, Respondent.**

No. 95–BG–873.

District of Columbia Court of Appeals.

Submitted Nov. 14, 1995.

Decided Dec. 7, 1995.

---

Before STEADMAN and RUIZ, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility recommends that the respondent, Stephen S. Millstein, be censured for commingling client funds. The Board additionally recommends that the respondent be required to attend a

---

course in legal ethics, and certify to the Office of Bar Counsel that this requirement has been met. Noting no exceptions, we adopt this recommendation.

 In the course of representing a client in a personal injury lawsuit against the Washington Metropolitan Area Transit Authority (WMATA), the respondent obtained a settlement on his client's behalf in the amount of $55,000. Rather than deposit the WMATA check in a trust account dedicated to maintaining client funds, the respondent deposited the check in his firm's operating account. Shortly thereafter, the respondent disbursed to the client the client's share after medical expenses, which was $30,000. At the time that the respondent wrote his client this $30,000 check, his account had a balance of at least $69,475.79. The respondent has not disputed that the evidence of fund commingling proves a violation of District of Columbia Bar Rule of Professional Conduct 1.15(a).

The Hearing Committee, recognizing the court's "increasing[ly] harsh view as to the seriousness of commingling," [1] recommended that the respondent be censured. Recognizing further that the respondent's misconduct was aggravated by his ignorance of the Rules of Professional Conduct, the Committee recommended that the respondent be required to take a course in professional responsibility. *See In re Robinson,* 635 A.2d 352 (D.C. 1993); *In re Spaulding,* 635 A.2d 343, 344 (D.C.1993). In mitigation of the seriousness of respondent's conduct were the respondent's full cooperation with Bar Counsel's investigation and the lack of any injury to the client whose funds were commingled. The Board adopted the recommendation of the Hearing Committee.

The court "shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C.Bar Rule XI, § 9(g)(1). It is therefore ordered that the respondent, Stephen S. Millstein, is hereby censured, and is required to complete a continuing legal education course in profes-

sional responsibility. The respondent shall certify to the Office of Bar Counsel within six months of the date of this order that he has met this requirement.

*So ordered.*

---

**1.** *See In re Ingram,* 584 A.2d 602 (D.C.1991); *In re Hessler,* 549 A.2d 700 (D.C.1988); *In re Gil-* *christ,* 488 A.2d 1354 (D.C.1985).