**In the Matter of Joanne M. PEARTREE, Esquire, A Member of the Bar of the District of Columbia Court of Appeals.**

No. 94–BG–1532.

District of Columbia Court of Appeals.

March 4, 1996.

Before: FARRELL and REID, Associate Judges; and GALLAGHER, Senior Judge.

### ORDER

PER CURIAM.

On consideration of the report and recommendation of the Board on Professional Responsibility, *recommending that the respondent be suspended for one year*, letter from Bar Counsel electing not to note an exception to the report and recommendation of the Board on Professional Responsibility, and it appearing that respondent has not filed an exception to the discipline recommended by the Board on Professional Responsibility, it is

ORDERED, pursuant to Rule XI, §§ 9(g)(2) and 11(f)(1) of the Rules Governing the Bar, that the recommendation of the Board on Professional Responsibility is hereby adopted, and respondent shall be suspended from the practice of law in the District of Columbia for one year. It is

FURTHER ORDERED that respondent's suspension shall take effect thirty days from the date of this order. *See* Rule XI, § 14(f). It is

FURTHER ORDERED that respondent's attention is drawn to the requirement of D.C.App.Rule XI, § 14 relating to suspended attorneys and to the provisions of § 16(c) dealing with the timing of eligibility for reinstatement as related to compliance with § 14, including the filing of the required affidavit.

*REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY*

Respondent was found by the Virginia State Bar Disciplinary Board to have committed multiple violations in failing to communicate with a client. On October 1, 1994, she was sanctioned with a one-year suspension, commencing *nunc pro tunc* with the Virginia Board's original order of discipline

in March of 1990. The Board had delayed entering the order since Respondent was already administratively suspended by the Virginia Bar. With the exception of a letter written in 1988 when she was first notified of the complaint against her, Respondent never participated in the Virginia proceedings.

On December 19, 1994, the District of Columbia Court of Appeals entered an order suspending Respondent under Rule XI, section 11(d) and directed the Board on Professional Responsibility to recommend whether reciprocal discipline should be imposed. Reciprocal discipline is imposed unless the attorney demonstrates by clear and convincing evidence that one of the exceptions enumerated in Rule XI, section 11(c) applies. Respondent has not raised an objection or otherwise taken part in this proceeding. Bar Counsel urges that reciprocal discipline is appropriate. After reviewing the Virginia record and similar cases in this jurisdiction, the Board recommends that the Court impose reciprocal discipline and suspend Respondent from the practice of law for one year.

### Summary of the Case

In 1986, Respondent was retained to represent U.S. Solar Corporation in a collection case involving more than $11,000. Irwin A. Blocker, President of the company, alleged that Respondent failed to communicate with him, failed to inform him of an answer and counterclaim filed in litigation that Respondent had initiated, and failed to communicate to him a settlement offer. Respondent was notified of the complaint and responded by letter on September 22, 1988, promising to assist her client in the future. Mr. Blocker accepted her explanation and the complaint was dismissed on November 14, 1988.

A month later, Mr. Blocker renewed his complaint, alleging that Respondent continued to ignore him and his case. A Virginia State Bar investigator then began a series of unsuccessful attempts to contact Respondent.

She was not to be found at her former law firm or at a succeeding law firm where she rented space. No one at either firm could account for her whereabouts; the investigator noted mounds of unopened mail on her desk. The investigator called all of her listed telephone numbers, which produced only answering machine recordings, and twice sought access to her home without success.

When all attempts at contacting Respondent proved fruitless, a panel of the Virginia State Bar Disciplinary Board ("Virginia Board") held an evidentiary hearing on December 15, 1989, then continued the hearing to give Respondent yet more time to respond. She did not. On February 23, 1990, the panel met again and was advised that Respondent had been administratively suspended since 1989 by the Virginia Bar for failing to pay dues and to comply with mandatory continuing legal education and professional liability requirements.

By an order dated March 8, 1990, the Virginia Board found that Respondent (1) failed to attend promptly to matters undertaken for a client, (2) failed to keep the client reasonably informed about matters in which the lawyer's services were being rendered, and (3) failed to inform the client of facts pertinent to the matter and of communications from the opposing party that might significantly affect settlement or resolution of the matter.[1] The Virginia Board ordered Respondent suspended from practice but refrained from entering a disposition in the matter until such time as she was reinstated by the Bar.

Four and a half years later, on October 1, 1994, with Respondent still suspended because of her failure to comply with Bar rules, the Virginia Board finally disposed of the disciplinary case by ordering her suspended for one year, commencing *nunc pro tunc* with the original entry of the Board's order in 1990.

---

1. Bar Counsel advises that "[t]he conduct found by the Virginia Board is sufficient to establish that Respondent failed to provide competent representation as required by Rule 1.1(a), failed to represent a client zealously and diligently within the bounds of the law in violation of Rule 1.3(a), and failed to keep the client reasonably informed about the status of the matter and to communicate a settlement offer in violation of Rule 1.4(a) & (c)." Statement of Bar Counsel at 4.

## Reciprocal Discipline

It is apparent from the record of the Virginia proceedings that Respondent's conduct constituted serious neglect of her professional responsibilities. The Board has no trouble concluding that the proof established the misconduct; imposition of the same discipline would not result in grave injustice; the misconduct constitutes misconduct in the District of Columbia; and the misconduct would not warrant substantially different discipline. However, because Respondent has been almost totally absent from these proceedings, the question arises as to whether the efforts to notify her of the hearing in Virginia met the standards of due process as defined by our Court.

Exception (1) of Rule XI, section 11(c) says: "The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process." As set forth in recent cases in the District of Columbia, efforts at notification should go beyond mailing notices of a hearing when a respondent remains silent. Mailings may be followed with notices sent by registered or certified mail or by attempts at personal service.

In *In re Koransky*, Bar Docket Nos. 340–92, 428–92 (BPR Oct. 8, 1993), although the respondent was personally served with the citation and complaint and had cleared one date for a hearing, the Colorado Disciplinary Counsel was not able to contact him about a new hearing date. Notices were mailed to several addresses; some of these notices were returned while others were not. The hearing was held without the respondent, who later objected and said he would have put on a defense.[2] This Board was of the opinion that without "any attempts at personal service or use of registered or certified mail in the efforts to set a new date for the hearing," notice was inadequate.

In *In re Cate*, Bar Docket No. 346–93 (BPR Jan. 3, 1995), the Board again recommended that reciprocal discipline not be imposed where the Virginia Board's efforts to notify the respondent of a hearing consisted solely of notices sent by certified mail to two addresses, one of which was the attorney's address of record. The mail was returned as undeliverable. No other efforts of notification were made. The hearing was held without the knowledge of the respondent.

Both *Koransky* and *Cate* were cases in which attempts to put the respondent on notice were limited, and it was in this context that the Board noted, in both matters, that "there should be some proof of the fact that Respondent was on notice of the date and location of the hearing." Obviously, there are instances where such proof cannot be provided, notably, when an attorney is evading service. The Board specifically noted in *Koransky* that "in a situation involving possible evasive efforts by a respondent, documentation of attempts at personal service might also be sufficient [for due process]." For example, in *In re Siegel*, 635 A.2d 345 (D.C.1993) (per curium) (*Siegel I* ), in which the respondent was absent throughout the disciplinary proceedings, efforts to serve him by certified mail at a string of new addresses sufficed to meet the Court's due process standards.

The Board agrees with Bar Counsel that the instant case falls within the *Siegel* pattern. After a single gesture at explaining her behavior when the client first complained, Respondent simply vanished and could not be contacted thereafter despite extensive efforts on the part of Virginia authorities to do so. It is difficult for the Board to imagine what else could have been done to reach her and, in fact, it is possible that she did know about the proceedings. Whether or not she was evading service, the disciplinary system cannot be held hostage by an attorney whose frequent moves, failure to keep the Court apprised of a current address, or other erratic behavior foils reasonable efforts to serve notice of proceedings.

## Conclusion

The Board finds that due process standards were met in this case and recommends that the Court impose reciprocal discipline by suspending Respondent for one year, the

2. The violations were found by default rather than on evidence.

suspension to begin as soon as she files her affidavit under Rule XI, section 14(g).

BOARD ON PROFESSIONAL RESPON-SIBILITY

By: ————————————

    Kate Blackwell Zumas

Dated:

All members of the Board concur in this Report.

Before: FARRELL and REID, Associate Judges; and GALLAGHER, Senior Judge.