### In re George A. TEITELBAUM, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 96–BG–788.

District of Columbia Court of Appeals.

Submitted Nov. 21, 1996.
Decided Dec. 19, 1996.

---

Before SCHWELB and KING, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility has found by clear and convincing evidence that respondent George A. Teitelbaum engaged in commingling, in violation of former DR 9–103(A). The underlying facts are set forth in the Board's Report and Recommendation, which is attached hereto as an Appendix. The Board recommends that Teitelbaum receive a public censure.

Neither Teitelbaum nor Bar Counsel has filed exceptions to the Board's recommendation, and the scope of our review is narrowly circumscribed. *See* D.C. Bar R. XI, § 9(g); *In re Goldsborough,* 654 A.2d 1285, 1287–88 (D.C.1995). Accordingly, and substantially for the reasons stated by the Board, George A. Teitelbaum is hereby publicly censured.

*So ordered.*

APPENDIX

DISTRICT OF COLUMBIA
COURT OF APPEALS
BOARD ON PROFESSIONAL
RESPONSIBILITY

In the Matter of George A. Teitelbaum, Respondent.

Docket No. 473–94

*REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY*

Respondent, a member of the District of Columbia Bar, was charged with violating DR 9–103(A), which prohibited commingling of client funds with the attorney's funds. He admitted in his answer to Bar Counsel's complaint that he had engaged in commingling. In a subsequent stipulation of facts submitted to the Hearing Committee, he again admitted that a disciplinary violation of commingling funds had been proven. Thereafter, a hearing was held only on the penalty phase.

*Underlying Facts*

In 1989, Respondent undertook to represent James A. Hagan in a personal injury case. He negotiated a settlement with Allstate Insurance Company in the amount of $4,000.

Respondent received a $4,000 check payable jointly to him and Hagan, and deposited it in a non-escrow checking account at First American. The funds in the account exceeded $13,000 at that time.

After paying third-party providers and his fee, Respondent paid Hagan $1,853.00. Hagan agreed that this was the correct amount. The client suffered no injury whatsoever.

*Hearing Committee's Recommendation*

Bar Counsel submitted evidence in aggravation of one prior informal admonition arising from Respondent's neglect of a client in a civil case.

Respondent testified, and also called two attorneys as witnesses, who testified as to Respondent's honesty and ethical behavior in dealing with clients.

Bar Counsel suggested to the Committee that a public censure by the Court be imposed. Respondent agreed that this would be an appropriate sanction.

The Committee found that Respondent had violated DR 9–103(A) when he deposited the $4,000 check into a non-escrow account. The Committee recommended imposition of a public censure.

*Discussion*

The Committee based its recommendation largely on the Court's opinion in *In re Millstein,* 667 A.2d 1355 (D.C.1995). In that case, the respondent obtained a settlement in the amount of $55,000 in a personal injury case. He deposited the check in his firm's operating account. Thereafter, he disbursed the proceeds, including the client's share of $30,000. Just as here, the respondent did not dispute that he had commingled funds.

Also, as was true in this case, the respondent had not intended to harm the client and, in fact, the client had not been harmed. Although no mention was made of previous admonitions in the Court's opinion, Bar Counsel asserted in his brief that the respondent in *Millstein* had previously received three informal admonitions. The Court in *Millstein* agreed with the Board's recommendation that the respondent be publicly censured. It also ordered the respondent to take a course in professional responsibility.

The Committee did not feel that a course in professional responsibility, as required in *Millstein*, was necessary in this case because Respondent has recognized the need for maintaining separate client accounts, and had set up such accounts in 1991. Bar Counsel also has not recommended that such a requirement be imposed.

We agree with Bar Counsel and the Committee that a violation of DR 9–103(A) was proved by clear and convincing evidence, and also agree that imposition of a public censure would be appropriate without a requirement that Respondent take a course in professional responsibility.

### Recommendation

In view of the foregoing, the Board recommends that the District of Columbia Court of Appeals publicly ensure Respondent.[1]

BOARD ON PROFESSIONAL RESPONSIBILITY

By: _____

James C. McKay

Dated: June 12, 1996

All members of the Board agree with the above Report and Recommendation, except Ms. Brannan and Mr. Rezneck, who did not participate.

1. *See* also the Board's opinion in *Matter of Parsons*, (Bar Docket No. 72–91, Feb. 1, 1996), in which the Board recommended imposition of a

public censure in a commingling case in which there was a single act of unintentional commingling resulting in no prejudice to the client.