**In re Joseph T. LILLY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 96–BG–935.**

District of Columbia Court of Appeals.

Argued Sept. 2, 1997.
Decided Sept. 18, 1997.

James T. Maloney, Washington, DC, for respondent.

H. Clay Smith III, Assistant Bar Counsel, with whom Leonard H. Becker, Bar Counsel, was on the brief, for petitioner, the Office of Bar Counsel.

Before SCHWELB and KING, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

█ The Board on Professional Responsibility has recommended that Joseph T. Lilly, Esquire, a member of our Bar, be suspended from practice for thirty days for conduct interfering with the administration of justice, in violation of Rule 8.4(d) of the Rules of Professional Conduct, and for failing to respond to an Order of the Board, in violation of D.C. Bar R. XI, § 2(b)(3). The Board has further recommended that Lilly's reinstatement be conditioned upon his full compliance with Bar Counsel's requests for information relating to a serious allegation of professional misconduct lodged against him in 1993. Lilly initially asked this court to reject the Board's recommendation and to impose, instead, the discipline recommended by the Hearing Committee, namely, that Lilly be suspended for thirty days but that the suspension be stayed if Lilly provided the requested information to Bar Counsel. Following oral argument, Lilly withdrew his objections to the discipline proposed by the Board.

█ The Board's Report is attached hereto and made a part hereof. The scope of our review is limited, for we must adopt the Board's recommended sanction "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *See* D.C.

Bar R. XI, § 9(g). Where, as here, neither party objects to the Board's recommendation, our review is even more deferential. *See, e.g., In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995).

Substantially for the reasons stated in the Board's concise and well-reasoned Report and Recommendation, we are satisfied that the recommended discipline is neither unreasonable, *see In re Joyner,* 670 A.2d 1367, 1369 (D.C.1996), nor inconsistent with our precedents. *See, e.g., In re Delaney,* 697 A.2d 1212, 1213–13 (D.C.1997); *In re Lockie,* 649 A.2d 546, 547 (D.C.1994) (per curiam); *In re Siegel,* 635 A.2d 345, 346 (D.C.1993) (per curiam). The authorities initially relied upon by Lilly, *i.e., In re Stow,* 633 A.2d 782 (D.C.1993) (per curiam); *In re Spaulding,* 635 A.2d 343 (D.C.1993) (per curiam); and *In re Robinson,* 635 A.2d 352 (D.C.1993) (per curiam), are distinguishable upon the common ground that none of them involved conduct that completely frustrated a disciplinary investigation for a period of almost two years.

Accordingly, effective thirty days after the date of this order, Joseph T. Lilly, Esquire is suspended from the practice of law for thirty days, with reinstatement conditioned upon full compliance with Bar Counsel's requests for information. Lilly's attention is directed to the provisions of D.C. Bar R. XI, § 14, relating to disbarred and suspended attorneys.

*So ordered.*

## APPENDIX

### DISTRICT OF COLUMBIA COURT OF APPEALS BOARD OF PROFESSIONAL RESPONSIBILITY

In the Matter of:

JOSEPH T. LILLY,

Respondent.

Bar Docket No. 375–93

*REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY*

### INTRODUCTION

This case involves Respondent's alleged failure to respond to Bar Counsel's inquiries concerning complaints filed against Respondent. Respondent is a member of the District of Columbia Bar, having been admitted on July 23, 1970.

On September 23, 1993, Bar Counsel wrote to Respondent to advise him that Bar Counsel was investigating an allegation of professional misconduct. Respondent did not respond to this letter, nor to a follow up letter sent on October 25, 1993. On November 24, 1993, Respondent was served with a copy of the complaint and copies of the two letters Bar Counsel had previously sent to him. On December 9, 1993, Respondent made a written request to Bar Counsel for an extension of time, until December 17, 1993, to respond to the complaint. Despite receiving the extension, Respondent did not respond to the complaint.

Bar Counsel filed a motion with this Board on March 1, 1994 for an order compelling Respondent to answer Bar Counsel's inquiries. The Board granted the motion on March 15, 1994 and warned Respondent that his failure to respond to Bar Counsel could result in a charge of conduct that seriously interferes with the administration of justice, in violation of Rule 8.4(d) of the D.C. Rules of Professional Conduct. Through counsel, Respondent responded to the underlying complaint, but did not provide responses to Bar Counsel's inquiries about that case.

Bar Counsel filed his specification of charges against Respondent on May 1, 1995, charging violations of Rule 8.4(d) and D.C.App.R. XI, §. 2(b)(3), for failing to respond to an order of the Board compelling a response. Hearing Committee Number Six convened hearings on September 13 and December 4, 1995.

At the hearing, Respondent testified that his daughter had been suffering from a brain tumor since 1991. Respondent testified that his workload and his care for his daughter contributed to his failure to respond to Bar Counsel. He also testified that he did not believe that the complaint "had merit," and that he intended to attempt to resolve the dispute with the complainants first, rather

than to take the time to respond to Bar Counsel. However, Respondent never contacted the complainants about the case. Respondent stipulated that he did not respond to Bar Counsel and did not comply with the Board's order compelling a response to Bar Counsel.

The Hearing Committee found that Respondent's failure to respond to Bar Counsel's requests "prevented an investigation and resolution of a serious complaint of misconduct," and constituted a violation of Rule 8.4(d). Hearing Committee Report at 8. That Rule provides that, "It is professional misconduct for a lawyer to engage in conduct that seriously interferes with the administration of justice." The Committee also found that Respondent violated D.C. Court of Appeals Rule XI, § 2(b)(3), which includes in the definition of professional misconduct the "failure to comply with any order of the Court or the Board issued pursuant to this rule," when Respondent failed to comply with the Board's March 15, 1994 order. The Committee recommended that the Respondent be suspended for thirty days and that the suspension be stayed if Respondent provides a complete response to Bar Counsel's inquiries. Respondent did not object to the imposition of the sanction below, and neither Bar Counsel nor Respondent has excepted to the Committee's recommendation.

## ANALYSIS

Respondent admitted in his testimony and in a written stipulation that he failed to respond to Bar Counsel's requests for information about the underlying complaint of misconduct, from September 1993 until well after this proceeding was initiated. Respondent has never fully complied with Bar Counsel's request. Moreover, Respondent failed to comply with the Board's order of March 15, 1994, compelling Respondent to respond to Bar Counsel's questions about the charges of misconduct. Therefore, it is uncontroverted that Respondent violated Rule 8.4(d) of the Rules of Professional Misconduct and D.C.App.R. XI, § 2(b)(3).

## SANCTION

The Hearing Committee recommends that Respondent be suspended for thirty days, but that the suspension be stayed if Respondent provides complete responses to Bar Counsel's inquiries. We agree with the Hearing Committee that Respondent's recalcitrance warrants a thirty day suspension, but we do not agree with its use of the threat of the sanction to induce Respondent's compliance with the rules. Rather, we recommend that Respondent's reinstatement be conditioned on his full compliance with Bar Counsel's inquiries.

In *In re Lockie,* 649 A.2d 546 (D.C.1994), the Board recommended that the respondent be suspended for thirty days with a requirement to prove fitness for reinstatement for his failure to cooperate with Bar Counsel in two cases against him and for failing to participate in his disciplinary hearing. As in the instant case, the respondent was charged with violations of Rule 8.4(d) and D.C.App.R. XI, § 2(b)(3). The Court analyzed the case law and found that it had never imposed a suspension solely for failure to cooperate with Bar Counsel; in all such cases where suspensions were imposed, one or more additional disciplinary violations were also established. *Id.* at 547. Nevertheless, the Court adopted the Board's recommended sanction and held that suspension was an appropriate sanction when a respondent demonstrates persistent indifference to his or her obligation to cooperate in disciplinary proceedings.

We adhere to the view expressed by the Board in *Lockie:*

> [E]gregious failure to cooperate with the Office of Bar Counsel and th[e] Board constitutes a serious violation of the D.C. Rule[s] of Professional Conduct, and that an offender runs the risk of being subjected to serious sanctions, including a suspension coupled with a requirement to show fitness to practice law.

We conclude, therefore, that "[i]n circumstances where the respondent has repeatedly evinced indifference (or worse) toward the disciplinary procedures by which the Bar regulates itself, a requirement that the attorney prove fitness to resume practice [together with a thirty-day

suspension] is entirely reasonable." *In re Siegel, supra,* 635 A.2d at 346.

*Id.* In *In re Smith,* 649 A.2d 299, 300 (D.C. 1994), the Court also imposed a thirty day suspension for failing to cooperate with Bar Counsel, for failing to comply with an order of the Board, and failure to return a client's property. As in *Lockie,* the court conditioned reinstatement on a showing of fitness to practice.

Respondent ignored repeated requests for information by Bar Counsel, and ignored an order of the Board to respond to Bar Counsel's requests. Respondent never acknowledged the requests until this proceeding was commenced. It would be counterproductive to the administration of the disciplinary system to allow respondents, whose recalcitrance caused the initiation of additional disciplinary proceedings such as this one, to avoid sanctions by simply allowing them to comply with the requests that should have been honored months or years before. We believe this Respondent has demonstrated the requisite indifference to warrant a thirty day suspension, and that the sanction should not be mitigated by his belated compliance with the rules. Rather, we recommend that Respondent's reinstatement be conditioned on Bar Counsel's representation to the Court that Respondent has fully complied with the outstanding requests for information.

## CONCLUSION

For the reasons discussed above, the Board recommends that Respondent be suspended for thirty days, and that his reinstatement be conditioned upon his full compliance with Bar Counsel's requests for information.

BOARD OF PROFESSIONAL RESPONSIBILITY

By: Terry Michael Banks
Terry Michael Banks

Dated: July 16, 1996

All members of the Board concur in this Report and Recommendation, except Ms. Brannan and Mr. Rezneck, who did not participate. Elizabeth J. Branda, the Board's Executive Attorney, is recused from this matter.