**In re Woodley B. OSBORNE,**
**Respondent.**

**A Member of the Bar of the District**
**of Columbia Court of Appeals.**

**No. 97–BG–2073.**

District of Columbia Court of Appeals.

Submitted June 2, 1998.

Decided July 2, 1998.

Before WAGNER, Chief Judge, and KING, Associate Judge, and MACK, Senior Judge.

PER CURIAM.

The Board on Professional Responsibility (Board) recommends that respondent, Woodley B. Osborne, be censured for violating Rule 1.15(a) (commingling) and Rule 5.3(c)(2) (failing to supervise a non-lawyer staff member to assure compliance with ethical obligations). The Board also recommends that respondent be required to complete a course in the area of professional responsibility. No exceptions have been filed to the Board's recommendation, and we adopt it.

## I.

In September of 1991, respondent entered into a financial arrangement with his law firm under the terms of which he would be paid solely from the fees he generated and reimburse the firm for a portion of the firm's expenses and his own expenses. A non-lawyer bookkeeper for the firm established a separate account ledger to keep track of respondent's fees and expenses. From at least January 1994, the bookkeeper used the firm's trust account as an operating account for respondent, depositing into the account whatever fee and expense advances respondent received from his clients and paying respondent's operating expenses from the account. Respondent signed some of the checks from the account which were used for operating expenses. The Hearing Committee found that respondent did not instruct the bookkeeper about the method she should use in accounting for the receipt and disbursement of his funds.

After January of 1994, respondent became aware of the bookkeeper's practice of "depositing advanced fee payments from his clients into the trust account and that she was paying his operating expenses with checks drawn on this same account." Respondent was also aware that the firm's trust account held his personal funds as well as funds belonging to the firm's clients. Respondent took no action to correct the bookkeeper's practice, which continued until approximately June 30, 1995. However, the bookkeeper kept careful records of all funds, and no clients ever lost funds due to respondent's actions.

The Hearing Committee found that respondent had violated Rule 1.15(a) by commingling his personal funds with his clients' funds and Rule 5.3(c)(2) by failing to properly supervise the bookkeeper. Respondent conceded these two violations. The Board accepted the Hearing Committee's findings of fact and conclusions of law, however, it rejected the Committee's recommendation that the sanction be a reprimand "because the sanction is not within the range of sanctions normally imposed in commingling cases such as Respondent's." Rather, the Board

recommended public censure and attendance at an approved legal ethics course.[1]

## II.

The Board recommended a sanction of public censure instead of a Board reprimand because the commingling extended over a long period of time. In making its recommendation, the Board examined a number of cases in which sanctions have been imposed for commingling, noting that the severity of sanction depends upon the circumstances of the case.[2] The Board's recommended sanction is within the range of sanctions imposed for violations of the rule against commingling under similar circumstances. *See In re Teitelbaum*, 686 A.2d 1037, 1039 (D.C.1996) (public censure for single commingling violation without injury to client); *In re Parsons*, 678 A.2d 1022, 1023 (D.C.1996) (public censure for commingling violation); *In re Millstein*, 667 A.2d 1355, 1356 (D.C.1995) (public censure and completion of professional responsibility course for commingling proceeds of settlement in operating account without injury to client); *In re Ingram*, 584 A.2d 602, 603 (D.C.1991) (formal censure for commingling by an attorney with limited experience in personal injury cases and with no financial harm to client). Therefore, it is

ORDERED that respondent, Woodley B. Osborne, be and hereby is censured and ordered to complete a continuing legal education course in professional responsibility, approved in advance by Bar Counsel. Respondent shall certify his completion of the course to the Court, with copies to the Board and Bar Counsel, within six months from the date of this order.

*So ordered.*

1. The Hearing Committee had also recommended that respondent be required to take an ethics course.

2. The relevant circumstances included, for example, whether the commingling was (1) inadvertent or knowing, (2) an isolated instance or protracted, (3) with or without injury to the client, (4) negligent or unintentional misappropriation, (5) with or without adequate record keeping, or (6) by experienced or inexperienced counsel.