**In re James M. GOLDBERG, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–549.**

District of Columbia Court of Appeals.

Submitted Dec. 3, 1998.
Decided Dec. 24, 1998.

---

Before WAGNER, Chief Judge, and TERRY and STEADMAN, Associate Judges.

PER CURIAM.

Respondent James M. Goldberg, who had a management position in his law firm, commingled certain law firm operating funds with funds in the firm's escrow accounts for a brief period in October 1995. By such commingling, Goldberg violated "[o]ne of the most basic rules of fiduciary conduct," embodied in D.C. Rule of Professional Conduct 1.15(a) (clients' property must be held separately from lawyer's own property). *See In re Hessler*, 549 A.2d 700, 700 (D.C.1988). Goldberg subsequently enrolled himself voluntarily in a D.C. Bar class on Ethics and Lawyers Trust Accounting. *Cf. In re Mill-*

*stein*, 667 A.2d 1355, 1356 (D.C.1995) (per curiam) (imposing an ethics course attendance requirement as part of discipline for commingling).

The Board on Professional Responsibility (Board) recommends that respondent, James M. Goldberg, be publicly censured, a sanction consistent with that imposed in other cases of commingling violations. *See, e.g., In re Teitelbaum*, 686 A.2d 1037 (D.C.1996) (per curiam); *In re Parsons*, 678 A.2d 1022 (D.C. 1996) (per curiam). Neither Bar Counsel nor respondent has filed any exception to this recommendation. "As we have repeatedly said, in such circumstances our review of the Board's recommendation is 'especially deferential.'" *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997) (quoting *In re Jeffries*, 685 A.2d 1165, 1165 (D.C.1996) (per curiam)); *see also* D.C. Bar R. XI, § 9(g).[1] Accordingly, it is

ORDERED that respondent James M. Goldberg be and he hereby is publicly censured by the court.

---

1. In *In re Hessler, supra*, noting the "seemingly simple and specific" nature of the ban against commingling, 549 A.2d at 700, we observed: "We emphasize the ban against commingling to alert the bar that in future cases of even 'simple commingling,' a sanction greater than public

censure may well be imposed." *Id.* at 703. The Board in the case now before us took particular note both of the lack of any actual prejudice or harm to any client as a result of the commingling and of respondent's enrollment in the D.C. Bar class.