**In re Joseph T. LILLY, Respondent,**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–604.**

District of Columbia Court of Appeals.

Submitted Sept. 21, 2000.

Decided Jan. 11, 2001.

Before TERRY and REID, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

Respondent, Joseph T. Lilly, is a member of the bars of the District of Columbia and Maryland. On January 28, 1999, the Maryland Court of Appeals indefinitely suspended Mr. Lilly by consent, after two petitions for disciplinary action were filed which charged him with neglect in three separate matters and with failing to respond to inquiries from disciplinary authorities. At the same time, two other complaints were pending in Maryland against Mr. Lilly alleging neglect and unauthorized practice of law during an earlier suspension. Mr. Lilly's misconduct occurred during a time when he was overwhelmed by his daughter's battle with a serious illness and her subsequent death.

After learning of the Maryland discipline, Bar Counsel filed with this court a certified copy of the Maryland disciplinary order. Bar Counsel also informed us that the United States Court of Appeals for the District of Columbia Circuit had indefinitely suspended respondent in a reciprocal proceeding. On May 19, 1999, this court temporarily suspended respondent pursuant to D.C. Bar Rule XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("the Board") for its recommendation as to whether reciprocal discipline should be imposed.[1]

---

1. We note that respondent was suspended by this court for thirty days in 1997 for conduct interfering with the administration of justice and for failing to respond to an order of the Board. *See In re Lilly*, 699 A.2d 1135 (D.C. 1997). His reinstatement was conditioned on

The Board found that Mr. Lilly's conduct warranted reciprocal discipline and concluded that a six-month suspension with a fitness requirement would be the most appropriate sanction, given the nature of his misconduct and the indefinite suspension imposed by the Maryland court. In light of our decision in *In re Berger,* 737 A.2d 1033, 1045–1046 (D.C. 1999), regarding reciprocal reinstatement when the original disciplining jurisdiction allows summary reinstatement, the Board recommends that any request for reinstatement be governed by the rules in effect at the time reinstatement is sought.

Bar Counsel has advised the court that she takes no exception to the Board's report and recommendation, and respondent has not filed any objection. His failure to do so serves as a concession that reciprocal discipline is warranted. *See In re Goldsborough,* 654 A.2d 1285 (D.C. 1995); D.C. Bar Rule XI, § 11(f)(1).

We have previously stated that a fixed period of suspension is appropriate reciprocal discipline when the original disciplining court has imposed an indefinite suspension. *See In re Berg,* 694 A.2d 876, 877 n. 2 (D.C.1997). Given our limited scope of review and the presumption in favor of identical reciprocal discipline, *see In re Zilberberg,* 612 A.2d 832, 834 (D.C. 1992), we adopt the Board's recommendation of a six-month suspension with a fitness requirement. Accordingly, it is

ORDERED that respondent, Joseph T. Lilly, shall be suspended from the practice of law in the District of Columbia for a period of six months. For the purpose of seeking reinstatement to the Bar, the suspension shall not begin until Mr. Lilly files the affidavit required by D.C. Bar Rule XI, § 14(g). *See* D.C. Bar Rule XI, § 16(c). His current temporary suspension shall remain in effect until then. In addition, Mr. Lilly's reinstatement after suspension shall be conditioned on proof of his fitness to practice law. Any request for reinstatement shall be governed by the rules in effect at the time reinstatement is sought.

his full compliance with Bar Counsel's request for information relating to a complaint of misconduct. He never satisfied that condition, nor did he file the affidavit required by D.C. Bar Rule XI, § 14; consequently, he has been continuously suspended from the practice of law in the District of Columbia since that time. The joint petition for indefinite suspension by consent that was filed in Maryland states that respondent has given up the practice of law and is now employed as a teacher.