**In re Anthony GRAHAM, Sr., Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–1438.**

District of Columbia Court of Appeals.

Decided March 28, 2002.

Before RUIZ and WASHINGTON, Associate Judges, and KING, Senior Judge.

PER CURIAM:

■ The Board on Professional Responsibility ("the Board"), on review of a Hearing Committee's report, has concluded that respondent Anthony Graham, Sr., violated Rules 1.15(a) and 1.17(a) of the District of Columbia Rules of Professional Conduct in each of three separate cases by depositing client funds into his operating account rather than a trust account. Additionally, the Board found that respondent violated Rule 1.15(b) in one of those cases by failing to promptly disburse from settlement proceeds a payment due a third party. The commingling occurred during the period of March 1997 through October 1997, and was knowing and intentional. Importantly, no client funds were misappropriated, and the commingling did not harm any client. Respondent's failure to promptly pay the third party was found by the Hearing Committee and the Board to be inadvertent.

■ As discipline for these violations, the Board recommends that respondent be publicly censured. Our deference to the Board's recommendation is heightened because neither Bar Counsel nor respondent opposes it. *See* D.C. Bar R. XI, § 9(g)(2);

*In re Delaney,* 697 A.2d 1212, 1214 (D.C. 1997).

We find substantial support in the record for the Board's findings, and, accordingly, we accept them. See D.C. Bar R. XI, § 9(g)(1). We also agree that a public censure is a reasonable sanction in this case and is not inconsistent with discipline imposed in similar cases. See, e.g., In re Teitelbaum, 686 A.2d 1037 (D.C.1996). Accordingly, it is

ORDERED that Anthony Graham, Sr., be and hereby is publicly censured.

*So ordered.*