**In re Stephen S. MILLSTEIN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 04–BG–433.**

District of Columbia Court of Appeals.

Submitted July 13, 2004.

Decided Aug. 19, 2004.

Before REID, Associate Judge, KERN and NEBEKER, Senior Judges.

PER CURIAM:

The District of Columbia Court of Appeals Board on Professional Responsibility (the Board) has filed a Report and Recommendation concluding that Respondent Millstein "violated Rule 1.15(a) and D.C. Bar R. XI, § 19(f) for failing to maintain complete records regarding the disburse-ments Respondent made from the settlement proceeds [received in a personal injury case], and rule 1.15(b) for failing to furnish prompt notice of the settlement to a third party who had an interest in the funds." The Board recommended "that Respondent be publicly censured, with imposition of conditions of practice."

The Board's first proposed condition is that within 30 days of the court's order Respondent (a) "file a statement that he accepts the conditions" and (b) "a certification that he has arranged for an evaluation by the LPAP [the D.C. Bar's Lawyer Practice Assistance Program] of Respondent's office practices with respect to maintaining proper financial records ... and his handling of entrusted funds." The Board's next condition is that "Respondent consent to and participate in a program that LPAP may recommend as a reasonable measure to address any identified deficiencies in Respondent's financial record-keeping practices." The Board's third condition is that "Respondent file a copy of LPAP's recommendation with the Board and Bar Counsel immediately upon com-

---

pletion of LPAP assessment."[1]

The record reflects that neither Respondent nor Bar Counsel took exception to the Board's Report and Recommendation. We note that this court has heretofore publicly censured Respondent Millstein for handling settlement funds in violation of D.C. Bar Rules. *In re Millstein,* 667 A.2d 1355 (D.C.1995). Under these circumstances, we deem it appropriate that the Board conduct interim reviews every 60 days of respondent's compliance with the conditions the Board has imposed in its Report and Recommendation since any non-compliance could result in new discipline.[2] Accordingly, it is

ORDERED that Stephen S. Millstein be, and hereby is, publicly censured. It is

FURTHER ORDERED that Stephen S. Millstein shall, within 30 days, file a certification with the Board, that he has arranged for an evaluation by LPAP regarding his office practices concerning the maintenance of proper financial records in compliance with Rule 1.15(a) and D.C. Bar R. XI, § 19(f), and his handling of entrusted funds in compliance with Rule 1.15 (b). It is

FURTHER ORDERED that respondent will take part in any program that LPAP recommends. It is

FURTHER ORDERED that respondent shall file a copy of LPAP's recommendation with the Board and Bar Counsel immediately upon completion of LPAP's assessment. It is

FURTHER ORDERED that the Board shall conduct interim reviews every 60 days to assure respondent's compliance and take immediate appropriate action if respondent fails to comply with all conditions and recommendations. It is

FURTHER ORDERED that respondent shall file with the Board and Bar Counsel a report on the status of his compliance with LPAP's recommendation(s) no later than six months after his filing of LPAP's recommendation. It is

FURTHER ORDERED that failure to comply with any of the conditions of this court's order may lead to a finding of contempt.

*So ordered.*

---

1. The Board also directs Respondent to file with the Board and Bar Counsel a status report "on the status of his compliance with LPAP's recommendation(s) no later than six months after his filing of LPAP's recommendation."

2. Clearly, any further breaches by Respondent of D.C. Bar Rules regarding clients' accounts should result in his suspension.