**In re Mark C. HERBST, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals Bar Registration.**

**No. 06–BG–1413.**

District of Columbia Court of Appeals.

Submitted July 31, 2007.

Decided Aug. 2, 2007.

Before FARRELL, FISHER, and BLACKBURNE–RIGSBY, Associate Judges.

PER CURIAM:

In May 2006, Hearing Committee Number Eight found that respondent Mark C. Herbst had violated Rules 1.1 (failure to provide competent representation), 1.2(a) (failure to abide by client's decision/consult clients), 1.4(a)-(b) (failure to communicate adequately with client), 1.15(a) (negligent misappropriation and failure to keep adequate trust records), and 5.3(b) (failure to adequately supervise non-lawyer employees) of the District of Columbia Rules of Professional Conduct. The Hearing Committee's findings were based on respondent's admissions that one of his non-lawyer employees was allowed to negotiate the settlement of a client family's claims

without consulting the clients; that the client family was never notified of the settlement; that the settlement funds were placed in respondent's trust account; and that the trust account later fell below the amount of the settlement.

The Hearing Committee further found that respondent was entitled to a mitigation of his sanction under *In re Kersey*, 520 A.2d 321 (D.C.1987), and it recommended what is effectively a six-month suspension and two years of conditional probation. Before the Board on Professional Responsibility ("Board"), neither Bar Counsel nor respondent took exception to the factual findings or the recommended sanction; however, Bar Counsel excepted to the finding that respondent was entitled to mitigation, and so the Board considered that question carefully in preparing its report and recommendation to this court. It concluded, and we agree, that it did not need to resolve the mitigation question since the sanction recommended by the Hearing Committee is appropriate without regard to *Kersey*.[1]

The Board's recommended sanction will be adopted "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted."[2] Moreover, given the lack of exception taken by any of the parties in this court, the presumptive imposition of the Board's proposed sanction is strengthened even further.[3] Because a six-month suspension is the norm for attorneys who have negligently misappropriated client funds,[4] and as sanctions for the failure to supervise non-lawyer employees have run from public censure to a six-month suspension,[5] we are satisfied that the recommended sanction is consistent with others imposed for comparable conduct.[6]

Accordingly, it is ORDERED that Mark C. Herbst is suspended from the practice of law in this jurisdiction for nine months, with execution of three months of the suspension to be stayed. Further, respondent will be placed on two years of probation subject to the conditions imposed by the Board in its report and recommendation. Finally, for the purposes of reinstatement, respondent's suspension will run from the date he submits an affidavit that fully complies with D.C. Bar R. XI, § 14(g).

*So ordered.*

---

1. In recommending a sanction, the Board is *to consider mitigating and aggravating circumstances independently of any Kersey disability*; specifically, the evidence of personal stress and respondent's diagnosis of ADHD were mitigating factors that had to be considered. *See In re Hutchinson*, 534 A.2d 919, 924–25 (D.C.1987). Thus, the Hearing Committee's conclusion that respondent's condition and personal circumstances together constituted a disability under *Kersey* was unnecessary. We specifically express no opinion on that conclusion.

2. D.C. Bar R. XI, § 9(g)(1).

3. D.C. Bar R. XI, § 9(g)(2).

4. *In re Cater*, 887 A.2d 1 (D.C.2005).

5. *See, e.g., In re Osborne*, 713 A.2d 312 (D.C. 1998); *Cater, supra*, note 4.

6. *See, e.g., In re Bailey*, 883 A.2d 106 (D.C. 2005) (nine-month suspension imposed for negligent misappropriation and other violations).