In re Donna Carolyn ALDRIDGE, Respondent. A Member of the Bar of the District of Columbia Court of Appeals.

No. 92–SP–227.

District of Columbia Court of Appeals.

Submitted April 28, 1993.
Decided May 17, 1993.

Before TERRY, STEADMAN and KING, Associate Judges.

## ORDER

PER CURIAM.

On February 27, 1992, respondent Aldridge was disciplined in Maryland for the violation of three disciplinary rules relating to competence, diligence, and client communication. The Maryland Court of Appeals imposed an "indefinite suspension" on respondent, with the right to seek reinstatement after thirty days. Respondent was in fact reinstated in Maryland as of April 24, 1992.

As reciprocal discipline, our Board on Professional Responsibility has recommended a suspension of sixty days.[1] Bar Counsel in a letter submission subsequent to the Board's Report to us notes that Respondent has not filed the requisite affidavit under D.C.Bar R. XI, § 14 and states that the suspension should therefore be prospective rather than *nunc pro tunc*.[2] Respondent, who apparently took no part in the proceedings before the Board, has filed no opposition to either of these submissions. Given the lack of any opposition and there appearing no reason not to accept the recommendation of the Board, with the qualification set forth by Bar Counsel, it is

ORDERED that respondent be suspended from the practice of law in the District of Columbia from the date hereof and continuing until sixty days following respondent's fulfillment of the requirements of D.C.Bar R. XI, § 14. *See In re Robertson*, 618 A.2d 720, 726 (D.C.1993) (citing D.C.Bar R. XI, § 16(c)).

1. The Board in its Report notes that the sanction of an "indefinite suspension" is substantially different from the range of sanctions for conduct such as respondent's imposed in this jurisdiction, where there is no such category of suspension. *Cf. In re Reid*, 540 A.2d 754 (D.C. 1988). The Board further notes that its recommendation of a sixty-day suspension is "essentially the same discipline" as was in fact imposed in Maryland. *Cf. In re Zilberberg*, 612 A.2d 832 (D.C.1992).

2. The Board recommended a suspension for sixty days *nunc pro tunc* to the date of our order, pursuant to D.C.Bar R. XI, § 11(d), of temporary suspension of respondent on March 12, 1992.