**In re Stanley DIETZ, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 92–SP–1257.**

District of Columbia Court of Appeals.

Submitted Nov. 1, 1993.
Decided Nov. 29, 1993.

Before ROGERS, Chief Judge,
SCHWELB, Associate Judge, and REILLY,
Senior Judge.

PER CURIAM:

Stanley Dietz, Esq. was retained to represent Mary E. Brown in her divorce. Dietz neglected the case. He also failed to return the $500 fee which Mrs. Brown had paid him, and he did not respond to Mrs. Brown's inquiries or return her calls. After Bar Counsel instituted disciplinary proceedings, Dietz initially ignored them and failed to cooperate with Bar Counsel for a substantial period of time.

During the proceedings before the Hearing Committee, Mrs. Brown testified that she would be willing to permit him to "finish up" her divorce case. Dietz promised to do so. Nevertheless, Dietz failed to do any further work on the divorce case, nor did he return Mrs. Brown's money.

Reviewing the decision of the Hearing Committee,[1] the Board on Professional Responsibility found by clear and convincing evidence that Dietz had violated Disciplinary Rules 1.3(a), 1.3(b)(1), 1.3(c), 1.4(a), 1.15(d), and 8.4 of the Code of Professional Responsibility. The Board recommended that Dietz be suspended from the practice of law for a period of thirty days, that he be ordered to pay restitution to Mrs. Brown in the amount of $500, and that his reinstatement be conditioned upon the payment of restitution.

Neither Bar Counsel nor Dietz has filed exceptions to the Report and Recommendation of the Board. *See* D.C.Bar R. XI, § 9(e).

We conclude that the Board's findings are supported by substantial evidence in the record, and that the discipline recommended by the Board is appropriate and would not foster a tendency toward inconsistent dispositions for comparable conduct. *See* D.C.Bar R. XI, § 9(g). We agree with the Board's observation that

> [t]he event, or non-event, which tips the scales in favor of a 30–day suspension, in the view of the Board, is Respondent's failure to abide by his promise made at the hearing to continue representing Complainant. The Board is persuaded that Respondent is completely disdainful of the requirements of the disciplinary system and his obligations to this particular client. A public censure is not likely to wake him up. Time will tell whether or not a 30–day suspension will cause him to appreciate the seriousness of his misconduct.

---

1. The Hearing Committee recommended that Dietz be suspended for 90 days, but that the suspension be stayed so long as Dietz complied with the recommendations of the Lawyers Counseling Program.

The Board also recommends that Respondent's reinstatement be conditioned on his making restitution of $500.00 to Complainant. Both Bar Counsel and the Hearing Committee recommend that restitution be required. However, neither recommended that reinstatement be conditioned on Respondent's making restitution.

Such a condition might not be justified under circumstances where it would cause financial difficulties; where, for example, a respondent because of a suspension had no source of income. Here, however, Respondent testified that his earnings are in the neighborhood of $50,000 a year. It would not be unreasonable, in the opinion of the Board, to provide this extra spur to force him to reimburse Complainant for the unearned fee he took from her. This is especially true, in view of Complainant's testimony that she cannot afford to pay an additional fee to another lawyer.

For the foregoing reasons,  ·

1. Respondent Stanley Dietz, Esq. is hereby suspended from the practice of law for thirty days, effective thirty days from the date of this order, provided, however, that said suspension shall continue, and that respondent shall not be admitted to practice, until he has filed with the Board proof of compliance with paragraph 2 of this order.

2. Within thirty days from the date of this order, respondent shall pay restitution in the amount of $500 to Mrs. Mary E. Brown, with interest at the legal rate of 6 percent,[2] from July 26, 1990.

*So ordered.*[3]

---

2. *See* D.C.Code § 28–3302(a) (1991). Dietz has retained Mrs. Brown's money for more than three years without doing anything at all on her behalf. Mrs. Brown has thus been deprived of the use of the money and should be compensated for the loss. *Cf. Riggs Nat'l Bank v. District of Columbia,* 581 A.2d 1229, 1253–55 (D.C.1990);

*District of Columbia v. Pierce Assocs., Inc.,* 527 A.2d 306, 312 (D.C.1987).

3. Respondent's attention is directed to his obligations pursuant to D.C.Bar R. XI § 14.