**In re Stanley M. DIETZ, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 93–BG–1272.

District of Columbia Court of Appeals.

Submitted Jan. 5, 1995.

Decided Jan. 30, 1995.

Before FERREN and TERRY, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

This reciprocal discipline case comes to us from the Board on Professional Responsibility ("the Board"), which recommended that respondent be suspended from the practice of law for thirty days after having been publicly reprimanded in Maryland for violating its disciplinary rules. The Board recommended a more severe sanction in light of respondent's similar pattern of neglect in the District of Columbia. We agree with the Board's recommendation and suspend respondent from the practice of law for thirty days.

I.

On August 25, 1993, the Court of Appeals of Maryland publicly reprimanded respondent for various instances of neglect in violation of Rules 1.1, 1.3, 1.4, 1.15, 1.16(a), (b), and 8.4 of the Maryland Lawyers' Rules of Professional Conduct, stemming from two

---

complaints filed by two separate clients. In the first complaint, respondent accepted a personal injury case on July 31, 1989, only to neglect the case and lose the client's file. The client knew the statute of limitations would expire in February 1991 and finally discharged the respondent on January 14, 1991, in order to salvage his claim.

In addition, respondent was hired by a roof subcontractor, Ona Caine, who was sued by the principal contractor on a home improvement contract. Respondent realized he had a hearing for another client the same day the Caine trial was to begin. Respondent and opposing counsel agreed to postpone the trial, and opposing counsel stated that he would inform the judge. Respondent informed his client and the witnesses that they did not have to appear in court that day. Subsequently, the trial court rejected counsel's plea for a postponement and entered a default judgment against Caine in the amount of $3,500, plus interest and costs. Caine then discharged respondent and filed a complaint against him.

The Court of Appeals of Maryland found that the first instance failed to amount to a pattern of neglect necessitating a sanction more severe than a reprimand in an unpublished opinion. The client was not significantly harmed or foreclosed from pursuing his claim. With regard to the Caine dispute, the court publicly reprimanded respondent and made him return the $500 attorney fee to Caine. In explaining its sanction, the court placed great weight on the fact that respondent was an experienced attorney who practiced in Maryland for thirty-five years without prior disciplinary problems. Although Caine did suffer monetarily, the court felt that respondent's actions were not volitional and that he "had very little time in which to resolve the dilemma which was thrust upon him."[1]

Three months later, respondent was reprimanded here in the District of Columbia[2] for neglecting a divorce action and failing to return the $500 fee.[3] This court held that respondent violated Rules 1.3(a), 1.3(b), 1.3(c), 1.4(a), 1.15(d), and 8.4 of the District of Columbia Code of Professional Conduct, and suspended respondent for thirty days, conditioning reinstatement upon the return of the $500, plus interest. In light of respondent's prior disciplinary problems, the Board recommended a more severe sanction than that imposed by the Court of Appeals of Maryland, and Bar Counsel agreed with the recommendation. We too agree with the Board's recommendation.[4]

## II.

District of Columbia Bar Rule XI, § 11(f) provides that where a member of the bar has been subject to discipline in another jurisdiction, this court will impose reciprocal discipline "unless the attorney demonstrates, or the Court finds on the face of the record on which discipline is predicated, by clear and convincing evidence" that one or more of the factors set forth in § 11(c) exist. D.C. Bar Rule XI, § 11(f) (1993). The Board found that the misconduct warranted substantially different discipline in the District, thus satisfying one of the factors enumerated in § 11(f). Respondent has submitted nothing in opposition. This court traditionally defers to the Board's recommendation unless the sanction is unwarranted or inconsistent with sanctions for comparable conduct. *In re Mintz,* 626 A.2d 926, 927 (D.C.1993). Moreover, in a reciprocal disciplinary case, this court can impose a greater sanction than that imposed in the other jurisdiction. *In re Drury,* 638 A.2d 60, 62 (D.C.1994).

We agree with the Board and Bar Counsel that a thirty day suspension is "within the range of sanctions" we have im-

1. Caine retained another lawyer who had the default judgment set aside. A judgment was entered in her favor at trial, but Caine lost on her counterclaim.

2. *In re Dietz,* 633 A.2d 850 (D.C.1993).

3. The Court of Appeals of Maryland was not aware of the disciplinary proceeding against re-

spondent in the District of Columbia at the time of its decision.

4. Although the Board has notified respondent by mail about the reciprocal disciplinary proceeding pending against him, respondent has not submitted anything on his behalf to this court.

posed for comparable conduct. *In re Garner*, 576 A.2d 1356, 1357 (D.C.1990). We must take into consideration respondent's actions in Maryland and his prior thirty day suspension in the District when determining the appropriate sanction. We have suspended attorneys for thirty days for various instances of neglect comparable to this case, and we conclude this sanction is similarly appropriate here especially in light of respondent's pattern of neglect. *See In re Fowler*, 642 A.2d 1327, 1328 (D.C.1994) (imposing thirty day suspension for failing to file trial motions and refusing to return fees received); *In re Ontell*, 593 A.2d 1038, 1041 (D.C.1991) (imposing a thirty day suspension for two instances of neglect coupled with two misrepresentations to clients); *In re Foster*, 581 A.2d 389, 389 (D.C.1990) (thirty days for neglect, intentional failure to seek client's objectives, and intentional failure to carry out contract of employment); *In re Dory*, 528 A.2d 1247, 1248 (D.C.1987) (suspending attorney for thirty days for neglect and refusal to return fees to a single client).

We therefore agree with the Board's recommendation to impose a more severe sanction consisting of a thirty day suspension from the practice of law to begin thirty days after the date of this order. *See* Rule XI, § 14(e).

*So ordered.*