**In re Stanley M. DIETZ, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 95–BG–1550.**

District of Columbia Court of Appeals.

Submitted Jan. 12, 1996.
Decided April 18, 1996.

---

Before SCHWELB, KING, and RUIZ, Associate Judges.

PER CURIAM:

On October 7, 1994, the Court of Appeals of Maryland suspended Stanley M. Dietz, Esquire, indefinitely from the practice of law. The court further ordered that Dietz may apply for reinstatement immediately upon satisfying certain specific conditions.

On December 21, 1994, this court suspended Dietz from the practice of law in the District of Columbia, and directed the Board on Professional Responsibility to submit its recommendation as to the appropriate discipline to be imposed in this jurisdiction. On October 18, 1995, the Board issued its Amended Report and Recommendation, which is attached to this opinion and made a part hereof. The Board recommended that reciprocal discipline be imposed, and that Dietz be suspended for sixty days and then reinstated only upon proof of fitness. Neither Bar Counsel nor Dietz has filed an exception to the Board's recommendation.

 We are required to adopt the recommended disposition of the Board

unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted.

D.C.Bar R. XI, § 9(g)(1). "The deferential standard mandated by this provision becomes even more deferential where, as here, the attorney [and Bar Counsel] ha[ve both] failed to contest the proposed sanction." *In re Goldsborough,* 654 A.2d 1285, 1288 (D.C. 1995). The sanction recommended by the Board is assuredly not too harsh, especially given this attorney's prior disciplinary record, *see In re Dietz,* 633 A.2d 850 (D.C.1993) (*Dietz I* ); *In re Dietz,* 653 A.2d 854 (D.C. 1995) (*Dietz II* ), and Bar Counsel has not claimed that it is too lenient.

Accordingly, in light of the applicable standard of review,

1. Stanley M. Dietz, Esquire, is suspended from the practice of law for a period of sixty days, said suspension to commence upon his filing of an appropriate affidavit in compliance with D.C.Bar R. XI, section 14(g); and

2. Reinstatement of Stanley M. Dietz, Esquire, is conditioned upon proof of fitness to practice law in the District of Columbia, and of compliance with the prior orders of this court in *Dietz I* and *Dietz II.*

*So ordered.*

## AMENDED REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

This is a reciprocal matter based on an October 7, 1994, order of the Court of Appeals of Maryland which indefinitely suspended Respondent from the practice of law in that jurisdiction, and which allows him to apply for reinstatement immediately upon satisfying several specified conditions.

On December 21, 1994, the District of Columbia Court of Appeals suspended Respondent from the practice of law in the District of Columbia, pending final disposition of this matter, and further ordered, among other things, that the Board determine whether

identical, greater, or lesser discipline should be imposed, or whether, instead, the Board elects to proceed *de novo*.

Although Respondent was served with the Court of Appeals interim suspension order and the Statement of Bar Counsel, he has not filed any responses or other pleadings in this proceeding.

### Maryland Proceedings

The action of the Maryland Court stemmed from misconduct engaged in by Respondent in connection with his representation of four separate clients. The District of Columbia Court of Appeals previously has sanctioned Respondent in a disciplinary case as a result of his misconduct involving one of those clients (Mary Brown). *In re Dietz*, 633 A.2d 850 (D.C.1993). There, Respondent was found by the Court of Appeals to have totally neglected his client's case after accepting a $500 fee. The Court suspended him for thirty days, and conditioned reinstatement on his making restitution in the amount of $500, plus interest. (Bar Docket No. 298–91)[1]

As noted above, the Maryland Court's October 7, 1994, suspension order was based also on misconduct relating to three other clients.

In the first of those other matters, Respondent agreed in April of 1990 to represent Constantos Stratakos in an appeal from a conviction for child abuse. He accepted a fee of $5,000 paid by the client's brother, George. Respondent deposited the check into his personal checking account because he did not maintain any client escrow accounts. Respondent did not participate in the appeals process. It appears that the matter was handled by the Office of Public Defender.

While on bail pending appeal, Constantos Stratakos was charged with one or more offenses involving cocaine. George Stratakos again asked Respondent to represent Constantos. A fee of $2,500 was agreed upon. Respondent promised to repay the $2,500 balance of the $5,000 previously received from George.

When no payment was forthcoming, George Stratakos complained to the Maryland Attorney Grievance Commission. Thereafter, Respondent failed to respond to written requests by Maryland Bar Counsel for information. At the Maryland hearing, Respondent testified that he had fully repaid George Stratakos.

The second of the other matters before the Maryland Court involved the receipt by Respondent in October of 1991 of a retainer of $500 from Betty J. Howell for undertaking to recover approximately $12,000 from a contractor. Respondent took no action against the contractor, and, thereafter, refused to refund the $500 to his client, who then filed a complaint with Maryland Bar Counsel, as well as a civil action against him.

Respondent failed to respond to Bar Counsel's first request for information. However, he did respond to a follow-up request. The Maryland Court found that some services had been rendered the client, and that her civil case against him had been settled for $350.

The third other matter pending before the Maryland Court of Appeals arose from a complaint filed by Mary Teresa Bowes. Several requests in writing for information made by Bar Counsel were ignored. However, Respondent finally responded. The dispute was subsequently resolved, and the complaint withdrawn.

The Court of Appeals of Maryland determined that Respondent "had violated the Maryland Lawyers' Rules of Professional Conduct by not acting with reasonable diligence in representing clients (Rule 1.3), by not keeping clients reasonably informed about the status of their matter (Rule 1.4), by not responding to lawful demands for information from disciplinary authorities (Rule 8.1(b)), by not holding clients' funds in a separate escrow account (Rule 1.15(a)), and in other respects." (Md. Order at 6)

---

1. There is no record of Respondent having filed an affidavit pursuant to Rule XI, § 14(g) in that proceeding. Accordingly, the interim suspension imposed by the District of Columbia Court of Appeals in Bar Docket No. 298–91 continues in effect.

The Maryland Court's discussion of the several violations by Respondent reveals that Respondent's law practice is in shambles. The evidence showed that Respondent only goes to his office "every couple of weeks to pick up his mail." He "only opens the mail he considers not to be pressing. He acknowledges that he does not return telephone calls as he should." He has "no bank account of any kind, neither business, nor escrow, nor personal." He is "not able to get to court on time...." Although claiming to be depressed, he "continues to refuse to take medicine for his depression." (Md. Order at 6–7)

The Maryland Court concluded that it could not "allow Dietz to continue to practice law under present circumstances." (*Id.* at 8) Accordingly, the Court ordered that Respondent be indefinitely suspended. However, the order allows him to apply for reinstatement immediately upon his having satisfied Maryland Bar Counsel that several conditions have been met. These include (1) presenting an evaluation by a psychiatrist or psychologist that he is not incapacitated because of mental illness or infirmity from practicing law; (2) registering and prepaying the tuition of an accredited law school for a course in the rules of conduct, and providing proof that he will complete the course; and (3) engaging, at his own expense, an acceptable monitor to oversee his practice of law and his accounting for funds entrusted to him. (Md. Order at 8–9)

### Bar Counsel's Recommendation

Bar Counsel recommends that Respondent be suspended for an indefinite period, with the right to be reinstated upon a showing of fitness. In so recommending, Bar Counsel points out that indefinite suspension "is not usually a disciplinary option in this jurisdiction."

### Discussion

Under Rule XI, the Board must recommend imposition of identical discipline unless it is clear that at least one of the five exceptions set forth in Section 11(c) is applicable. We find that there is no evidence of a lack of due process or infirmity of proof; imposition of the same discipline would not result in grave injustice; and Respondent's conduct would constitute a violation of the D.C. Rules of Professional Conduct. However, we believe that the exception provided for in Section 11(c)(4) is applicable here.

We have determined heretofore that, where an indefinite suspension has been ordered in a foreign jurisdiction, the misconduct warrants substantially different discipline in this jurisdiction. Thus, in *Matter of Aldridge* (Bar Docket 76–92), where the Maryland Court of Appeals had imposed an indefinite suspension, we recommended a suspension of sixty days. The District of Columbia Court of Appeals affirmed our action. *In re Aldridge*, 624 A.2d 1210 (D.C. 1993). *See also In re Powell*, 646 A.2d 340 (D.C.1994).

Accordingly, we cannot agree with Bar Counsel's recommendation that an indefinite suspension be imposed. We do recommend, however, that any specific period of suspension imposed by the Court should be conditioned on proof of fitness.

As noted heretofore, Respondent was suspended by the District of Columbia Court of Appeals in a 1993 order for a period of 30 days, with reinstatement conditioned on making restitution in the amount of $500 plus interest to his client. *In re Dietz*, 633 A.2d at 851 (D.C.1993). In a subsequent reciprocal matter, the Court of Appeals agreed with the Board's recommendation of a thirty-day suspension, although the Court of Appeals of Maryland had publicly reprimanded Respondent. The Court noted that the Board had recommended a more severe sanction "in light of respondent's similar pattern of neglect in the District of Columbia." *In re Dietz*, 653 A.2d 854 (D.C.1995).

As a practical matter the particular length of time for which Respondent will be suspended in this matter will probably make little difference. Respondent remains suspended in this jurisdiction in an earlier proceeding (Docket 298–81) both for failure to comply with the affidavit requirement of Rule XI, § 14(g), and failure to make restitution of the $500 plus interest (or at least failure to so report to Bar Counsel). More-

over, he has failed to file a Rule 14(f) affidavit in the present proceeding.

More importantly, whatever suspension period is imposed, Respondent must, if the Board's recommendation is accepted by the Court, prove that he is fit to practice law before he could be reinstated.

### Recommendation

In view of the foregoing, the Board recommends that the District of Columbia Court of Appeals issue an order suspending Respondent for a period of sixty days, said suspension to commence upon his filing of a section 14(g) affidavit in appropriate form, and further ordering that Respondent's reinstatement be conditioned on his proof of fitness to practice law in this jurisdiction.

BOARD ON PROFESSIONAL RESPONSIBILITY

By: James C. McKay

James C. McKay

Dated: October 18, 1995

All members of the Board concur in this report and recommendation, except Ms. Christensen, Ms. Brannan, and Mr. Williams, who did not participate.