## In re Meldon S. HOLLIS, Jr., Respondent.

## A Member of the Bar of the District of Columbia Court of Appeals.

### No. 97–BG–1873

District of Columbia Court of Appeals.

Submitted Oct. 22, 1998.

Decided Nov. 5, 1998.

Before TERRY and REID, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility recommends that Meldon S. Hollis, Jr. be disbarred from the practice of law in the District of Columbia based on his unethical conduct. We adopt the recommendation of the Board. *See* D.C.Bar Rule XI, § 9(g)(1) (stating that the court "shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted").

On November 7, 1997, Meldon S. Hollis, Jr. was disbarred from the practice of law by the Maryland Court of Appeals for violation of four Maryland Lawyers' Rules of Professional Conduct, including Rule 1.15 (by intentionally misappropriating client funds), three Maryland Rules relating to attorney trust accounts, and § 10–306 of the Business Occupations and Professions Article in the Maryland Code, concerning the misuse of trust monies.[1]

The Maryland court found that more than two years after receipt, respondent had failed to disburse funds totaling $93,545.49 from an escrow account on behalf of his client, but falsely represented to his client that he had made the disbursement. Respondent also falsely represented to Bar Counsel that the funds in question had been withdrawn from the escrow account at the instruction and with the knowledge of his client. When the escrow account was closed, it had a balance of $8.15.

D.C.Bar Rule XI, § 11(c) requires that Hollis be reciprocally disbarred in this juris-

---

9. We need not address the District's additional arguments.

1. Hollis also violated Maryland Lawyers' Rules of Professional Conduct 8.1 (by knowingly making false statements of material facts in a disciplinary matter), 8.4(c) (by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (by engaging in conduct prejudicial to the administration of justice). In addition, Hollis violated Maryland Rule BU–4 (Trust Accounts), Rule BU–8 (Interest on Funds in Attorney Trust Accounts), and Rule BU–9 (Prohibited Transactions). These three rules are now codified as Maryland Rules 16–604, 16–608, and 16–609.

diction unless he can demonstrate by clear and convincing evidence that he was denied due process in the Maryland court, that there was an infirmity of proof in Maryland, that disbarment in the District would result in grave injustice, or that the misconduct either would normally warrant substantially different discipline or would not constitute misconduct in this jurisdiction. None of these exceptions to Rule XI's presumption of reciprocal discipline applies in this case. Moreover, respondent has not participated in these proceedings, and has made no effort to rebut this presumption. The sanction imposed in Maryland for intentional misappropriation is consistent with our decision in *In re Addams*, 579 A.2d 190, 191 (D.C.1990) (en banc) ("We now reaffirm that in virtually all cases of misappropriation, disbarment will be the only appropriate sanction unless it appears that the misconduct resulted from nothing more than simple negligence.").

We therefore hold that the respondent, Meldon S. Hollis, Jr., is disbarred from the practice of law in the District of Columbia. As recommended by the unopposed report and recommendation by the Board on Professional Responsibility, the effective date of respondent's disbarment will run from the filing of the affidavit required by D.C.Bar Rule XI, § 14(g).

The Clerk shall cause a copy of this order to be transmitted to the Chairman of the Board on Professional Responsibility and to the respondent, thereby giving him notice of the provisions of Rule XI, §§ 14 and 16, which set forth certain rights and responsibilities of disbarred attorneys and the effect of failure to comply therewith.

*So ordered.*