**In re Howard MOORE, Respondent,**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–1793.**

District of Columbia Court of Appeals.

Submitted April 8, 1999.

Decided April 29, 1999.

---

Before WAGNER, Chief Judge, SCHWELB, Associate Judge, and BELSON, Senior Judge.

PER CURIAM:

Respondent, disbarred in late 1997 for misappropriation of funds, *In re Moore,* 704 A.2d 1187 (D.C.1997), again appears before this court for ethical violations. The Board on Professional Responsibility recommends that no further sanctions be taken against respondent in light of his current disbarment. No exceptions have been filed by either Bar Counsel or respondent. We adopt the Board's recommendation.

Bar Counsel charged respondent with numerous ethical violations, including commingling and misappropriation (Rule 1.15(a)), failure to pay third party funds (Rule 1.15(b)), failure to adequately supervise non-lawyer staff (Rule 5.3(b) and (c)), theft (Rule 8.4(b)), interfering with the administration of justice, (Rule 8.4(d)) and failure to respond to an order by the Board (Rule XI, Section 2(b)(3)). The Hearing Committee found respondent to have committed all of the above charged violations with the exception of commingling, and recommended disbarment.

The Board, after reviewing the evidence, disagreed with the Committee in that it found respondent's actions did amount to commingling. It went on to agree with all of the Committee's remaining findings with the exception of theft. As to the theft violation, because the Committee did not find that respondent had the requisite intent, *see* D.C.Code § 22–3811(b) (1996 Repl.), the Board concluded he could not be guilty of aiding and abetting this offense. Due to the fact respondent is already disbarred, the Board concluded no further sanction is necessary.

We agree with the Board's Report and Recommendation. While respondent's ethical violations clearly warrant disbarment, *see In re Addams,* 579 A.2d 190, 191 (D.C.1990) (en banc), no further sanction is necessary as a result of respondent's current status. *See In re Herndon,* 609 A.2d 682, 683 (D.C.1992) (holding that where already disbarred respondent was found to have committed an additional ethical violation "it shall suffice that the Board's findings as to misconduct, ... be published and made part of the record to be considered by the Board and the court in the event that respondent petitions for reinstatement").

*So ordered.*