In re Mykel **HITSELBERGER**,
Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 99–BG–57.

District of Columbia Court of Appeals.

Submitted Sept. 28, 2000.

Decided Oct. 26, 2000.

Before TERRY and WASHINGTON, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

On December 2, 1998, respondent Mykel Hitselberger was disciplined in Maryland for violating eight disciplinary rules relating to two separate acts of neglect of client matters.[1] The Maryland Court of Appeals imposed an "indefinite suspension" on respondent.

On February 3, 1999, this court suspended Hitselberger from the practice of law in the District of Columbia, and directed the Board on Professional Responsibility ("Board") to submit its recommendation as to the appropriate discipline to be imposed in this jurisdiction. On December 2, 1999, the Board issued its Report and Recommendation, which is attached hereto and made a part hereof. The Board recommended that Hitselberger be suspended for sixty days and then reinstated only upon a showing of fitness. Neither Bar Counsel nor Hitselberger has filed an exception to the Board's recommendation.

We are required to adopt the recommended disposition of the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(g)(1). "The deferential standard mandated by this provision becomes even more deferential where, as here, the attorney [and Bar Counsel] ha[ve

1. In the first complaint, the Maryland Court of Appeals concluded that Hitselberger's conduct violated four disciplinary rules relating to competence, diligence, client communica-

tions, and failure to cooperate with Bar Counsel. In the second complaint, Hitselberger was determined to have violated four disciplinary rules relating to competence, diligence, misconduct, and failure to timely respond to Bar Counsel.

both] failed to contest the proposed sanction." *In re Dietz,* 675 A.2d 33, 34 (D.C.1996) (quoting *In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995)). The sanction recommended by the Board is not inconsistent with sanctions that this court has imposed for similar disciplinary violations. *See Dietz,* 675 A.2d at 36; *In re Aldridge,* 624 A.2d 1210 (D.C. 1993). Thus, given the lack of any opposition and there appearing no reason not to accept the recommendation of the Board with the qualification set forth by Bar Counsel, it is

ORDERED that Mykel Hitselberger is suspended from the practice of law in the District of Columbia for a period of sixty days, said suspension to commence upon his filing of an appropriate affidavit in compliance with D.C. Bar R. XI, § 14. *See In re Robertson,* 618 A.2d 720, 726 (D.C.1993) (citing D.C. Bar R. XI, § 16(c)).[2] Furthermore, reinstatement of Mykel Hitselberger is conditioned upon proof of fitness to practice law in the District of Columbia.

*So ordered.*

## APPENDIX

### DISTRICT OF COLUMBIA COURT OF APPEALS

### BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of:

MYKEL HITSELBERGER,

Respondent.

Bar Docket No. 534–98

### REPORT AND RECOMMENDATION OF THE

### *BOARD ON PROFESSIONAL RESPONSIBILITY*

Respondent is a member of the Bar of the District of Columbia Court of Appeals (the "Court"), having been admitted on December 19, 1986. He also is admitted to practice before the Court of Appeals of Maryland (the "Maryland Court"). On December 2, 1998, the Maryland Court entered an order indefinitely suspending Respondent from the practice of law.

Bar Counsel reported the Maryland Court's order of suspension to the Court. On February 3, 1999, the Court entered an order suspending Respondent pursuant to D.C.App. R. XI, § 11(d) and directed the Board on Professional Responsibility (the "Board") to recommend whether reciprocal discipline should be imposed. *In re Hitselberger,* No. 99–BG–57. For the reasons set forth below, the Board recommends that a reciprocal 60–day suspension with fitness be imposed on Respondent.

### *The Maryland Misconduct*

Two complaints were filed against Respondent in Maryland. In the first complaint, the *Pyles* matter, Respondent was found to have violated four disciplinary rules during his representation of Maryland Trooper First Class John Pyles, pursuant to a retainer with the Maryland Troopers Association. Specifically, Respondent was retained in October 1994 to fight an employment action filed by the Maryland State Police. Respondent filed a Motion to Dismiss the petition as time-barred under a one year statute of limitations rule. When the Court ruled against Pyles' motion on January 3, 1996, Respondent failed to notify his client of the ruling. On January 17, 1996, when Pyles learned of the Court's ruling, he sought an explanation from Respondent. They met on January 24, 1996 and agreed Respondent would appeal the ruling. On March 18,

---

**2.** By order of this court dated February 3, 1999, Hitselberger was suspended from practice pursuant to D.C. Bar R. XI, § 11(d), which provides for temporary suspension in reciprocal discipline cases. Accordingly, Hitselberger is not permitted to practice in this jurisdiction pending the filing of the § 14(g) affidavit, nor thereafter until he has satisfied the requirement that he demonstrate his fitness to practice.

1996, Pyles called about the appeal and Respondent told him the appeal had been filed. On checking with the Circuit Court the next day, Pyles learned the appeal had not been filed. He again called Respondent and asked for copies of the filing. When Pyles did not receive a response from Respondent, he enlisted the assistance of the union lodge president. Called before an April 1996 meeting of the Executive Board of the Maryland Troopers Association, Respondent again maintained that he had filed the appeal and added that he had written a check for the filing fee. The Executive Board demanded proof of the filing which Respondent said he would produce. When Respondent did not produce his proof by August 1996, Pyles reported Respondent to the Attorney Grievance Committee which assigned an investigator to Respondent's case. Although Respondent met with the investigator, Respondent did not provide the investigator with a copy of the canceled check that Respondent purportedly used to file the appeal.

Respondent did not appear at his Maryland inquiry hearing. In Respondent's absence, the trial court heard testimony from Pyles and from the investigator. The investigator testified that Respondent never produced the requested proof concerning the check that Respondent purportedly had written to file the appeal. Instead, Respondent provided only a series of excuses for why his files and his checks were not available. The Maryland Court concluded that Respondent's conduct violated Rules 1.1 (competence), 1.3 (diligence) 1.4 (communications) and 8.1 (failure to cooperate with Bar Counsel).

In the second complaint, the *Lee* matter, the Maryland Court found that Respondent had violated Rules 1.1 (competence), 1.3 (diligence), 8.4 (misconduct) and 8.1 (failure to respond timely to Bar Counsel) when he performed no work for a six-year period after being appointed as temporary

successor guardian for the property of Kenneth Wayne Lee on March 23, 1990. Respondent ignored the interim inquiries of the Trust Clerk and responded late to the order to show cause issued by the Maryland Court on November 14, 1996, to the Court's orders for supplemental reports, and to Bar Counsel's inquiries.

Respondent was personally served with the Attorney Grievance Commission's Petition for Disciplinary Action, Interrogatories and Requests for Admissions of Fact and Genuineness of Documents, but he filed no answer or response. An Order of Default was entered against him. Respondent did not appear at the fact-finding hearing before the Honorable Herbert L. Rollins of the Circuit Court of Frederick County. Judge Rollins filed Findings of Fact and Conclusions of Law based on the testimony of Trooper Pyles and the Bar's investigator.

The Attorney Grievance Commission did not take exception to the hearing court's report and urged the Maryland Court to impose an indefinite suspension on Respondent. On December 2, 1998, the Maryland Court adopted the hearing court's report and indefinitely suspended Respondent for violating eight disciplinary rules in the two disciplinary actions. The Maryland Court conditioned the termination of Respondent's suspension on his completion of a course in professional responsibility, completion of twelve hours of continuing legal education courses in each of the first two years following his reinstatement, and engaging, at Respondent's expense an attorney-monitor for two years who would submit periodic reports to Maryland Bar Counsel.

Respondent did not participate in this proceeding before the Board. Bar Counsel maintains that none of the five D.C.App. R. XI, § 11(c) exceptions apply in this case.[3] Recognizing that the hear-

---

**3.** The five exceptions are: (1) the procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (2) there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the

ing court and the Maryland Court based their findings in part on an Order of Default, Bar Counsel argues that Maryland's default procedures do not offend the heightened scrutiny accorded reciprocal default cases under Rule XI, § 11 as interpreted in *In re Pearson*, 628 A.2d 94 (D.C. 1993), where the respondent who failed to comply with Maryland's procedural rules proffered a substantial defense to the allegations of misconduct before the Maryland Court imposed final discipline. Bar Counsel argues that in this case, unlike *Pearson*, Respondent has proffered no defense to the allegations of misconduct nor has he disputed the findings.

Bar Counsel urges the Board to recommend a 60–day suspension with fitness, citing *In re Dietz*, 675 A.2d 33 (D.C. 1996)(reciprocal suspension of 60 days with fitness requirement based on an indefinite suspension in Maryland for failure to act with diligence, communicate with client, respond to demands for information from disciplinary authorities or to hold funds in separate escrow account) and *In re Aldridge*, 624 A.2d 1210 (D.C.1993)(reciprocal suspension of 60 days without fitness requirement, based on Maryland indefinite suspension for lack of competence and diligence and failure to communicate with client; attorney summarily reinstated in Maryland prior to Court action here). Bar Counsel also urges the Board to include a fitness requirement because Respondent did not participate in the Maryland disciplinary proceedings despite receiving notice and having an opportunity to do so. *Cf. In re Lilly*, 699 A.2d 1135 (D.C. 1997)(30–day suspension with reinstatement conditioned on compliance with Bar Counsel's request for information); *In re Lockie*, 649 A.2d 546 (D.C.1994) (30–day suspension with fitness for failure to cooperate with investigation of charges of ethical misconduct).

Court could not, consistently with its duty, accept as final the conclusion on that subject; (3) the imposition of the same discipline by the Court would result in grave injustice; (4) the misconduct established warrants substan-

## Analysis

Reciprocal discipline will be imposed in the District of Columbia "unless the attorney demonstrates, or the Court finds on the face of the record on which discipline is predicated, by clear and convincing evidence" that one of the five exceptions set out in D.C.App. R. XI, § 11(c) applies. If a respondent does not make a showing that an exception applies, the Board may independently consider whether any exceptions are applicable, *In re Spann*, 711 A.2d 1262, 1263 (D.C.1998)(citing *In re Gardner*, 650 A.2d 693, 696 (D.C.1994)); however, where neither Bar Counsel nor the attorney opposes the imposition of identical discipline, the Court has cautioned that the Board's inquiry should be a limited one. *Spann*, 711 A.2d at 1265. If the sanction imposed by the disciplining court falls within the range of sanctions that might be imposed in an original case in this jurisdiction, there is "a rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Zilberberg*, 612 A.2d 832, 834 (D.C. 1992).

We conclude that four of the exceptions do not apply. First, it is clear that the misconduct in Maryland is misconduct in the District. Next, we agree with Bar Counsel that there was no lack of due process in this case. The record from Maryland is clear that Respondent was given notice and an opportunity to be heard on his charges in Maryland. Even using the heightened scrutiny required by *Pearson*, we are unable to determine that Respondent was precluded from proffering a credible defense to the allegations or that he disputed the findings. We also agree with Bar Counsel that Respondent did not assert a substantial defense to the

tially different discipline in the District of Columbia; or(5) the misconduct elsewhere does not constitute misconduct in the District of Columbia.

allegations of misconduct before the Maryland Court imposed its final discipline. Having made the choice not to participate in his own disciplinary proceeding; Respondent must live with the consequences.

The imposition of an indefinite suspension raises the question of substantially different discipline under the Section 11(c)(4) exception. The Court has previously held that misconduct that warrants an indefinite suspension in a foreign jurisdiction warrants substantially different discipline in this jurisdiction. See *Aldridge*, 624 A.2d at 1210 n. 1 (affirming the Board's recommendation to impose a 60–day suspension with fitness in lieu of an indefinite suspension); *see also Dietz*, 675 A.2d at 36.

Bar Counsel has recommended a 60–day suspension based on the sanctions imposed in *Dietz* and *Aldridge*. In both cases, the Court affirmed our recommendation of a 60–day suspension. While we find Respondent's misconduct to be less egregious than the misconduct in Dietz and closer to the misconduct in *Aldridge*,[4] we agree that a 60–day suspension is appropriate in this case. Here Respondent engaged in two separate acts of neglect of client matters, one of which lasted for more than six years. He was uncooperative with the Maryland Bar Counsel during its investigation of the complaints and he has opted not to participate in the disciplinary proceedings both in Maryland and before this Board.

We agree with Bar Counsel that a fitness requirement should be imposed. Bar Counsel based his recommendation on the Court's decision in *Lockie* that imposed a fitness requirement on a respondent who failed to cooperate with the investigation of charges of ethical misconduct. See *In re Delaney*, 697 A.2d 1212 (D.C.1997)(same). Respondent's lack of cooperation with the disciplinary system is only one reason for recommending fitness in this case. The Maryland Court conditioned Respondent's reinstatement on completion of a course in professional responsibility, with two years of continuing legal education and a practice monitor.

It appears to us that the Maryland Court has a genuine concern about this respondent's ability to practice law in a professional and ethical fashion. Given the concerns of the Maryland Court, we believe that there should be a showing that this respondent is fit to practice law before he is reinstated as a protection for the general public. See *In re Berger and Awuah*, Nos. 97–BG1979 and 97–BG–1980, 737 A.2d 1033 (D.C.Sept.16, 1999); cf *Dietz*, 675 A.2d at 37.[5]

**4.** Dietz involved four separate complaints of neglect that were brought against a respondent with a previous disciplinary record that resulted in two 30–day suspensions. *See In re Dietz*, 653 A.2d 854 (D.C.1995); *In re Dietz*, 633 A.2d 850 (D.C.1993). Like Respondent in this case, Dietz did not file responses or other pleadings in his disciplinary proceeding. His law practice was described as being in shambles. He was depressed and refused to take medicine for his depression.

**5.** In its recent opinion in *In re Berger and Frank A.K. Awuah, supra*, the Court accepted Bar Counsel's proposal "to impose the reciprocal fitness requirement as a condition to reinstatement, and have open the possibility of vacating the requirement for an independent full-fledged fitness inquiry in this jurisdiction ... once the attorney has demonstrated fitness to practice pursuant to the summary procedures applicable in the original disciplining jurisdiction, and upon Bar Counsel's representation to this court that the attorney has satisfied the *Roundtree* criteria." 737 A.2d at 1045 (citation omitted). Through the Board's Rules Committee, the Board and the Office of Bar Counsel are reviewing rule changes necessary to implement this result, since reciprocal summary reinstatement was not previously available under Rule XI or the Board Rules. Pending rule changes, and in order not to delay any further cases in the disciplinary system that involve reciprocal discipline including a showing of fitness originating from jurisdictions that have summary reinstatement processes, the Board recommends that the Court order reciprocal discipline with reinstatement to be governed by the Board and Court Rules in effect at the time that reinstatement is sought in the District of Columbia.

Respondent has not filed his affidavit of compliance with section 14(g) of Rule XI. The 60–day suspension should run from the filing of this affidavit.

*Conclusion and Recommendation*

For the reasons discussed above, the Board recommends that identical reciprocal discipline should be imposed. We recommend that Respondent be suspended for 60–days with reinstatement based on a showing of fitness.

BOARD ON PROFESSIONAL RESPONSIBILITY

By:

Joanne Doddy Fort

Dated: December 2, 1999

All members of the Board concur in this Report and Recommendation.