### In re Bruce E. PERWEILER, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 99–BG–551.

District of Columbia Court of Appeals.

Submitted Oct. 19, 2000.

Decided Nov. 2, 2000.

Before TERRY, STEADMAN and GLICKMAN, Associate Judges.

PER CURIAM:

In this reciprocal discipline case from Maryland, the Board of Professional Responsibility recommends that respondent Bruce E. Perweiler be suspended for six months from the practice of law in the District of Columbia, and that prior to reinstatement, respondent be required to establish fitness pursuant to D.C. Bar R. XI, § 16(d).[1]

On March 18, 1999 the Court of Appeals of Maryland entered an order indefinitely suspending respondent from the practice of law in that state for two separate instances of misconduct involving failure to provide competent representation and to act with reasonable diligence, mishandling of client funds, failure to return client files and advanced fees, and dishonesty, fraud, deceit and misrepresentation. We entered an order on May 12, 1999, temporarily suspending respondent from the practice of law in the District of Columbia pursuant to D.C. Bar R. XI, § 11(d) and directing the Board to determine whether reciprocal discipline should be imposed.

Our disciplinary rules do not include indefinite suspension within the range of possible sanctions. Therefore, consistent with prior practice involving such Maryland suspensions, the Board has recommended a sanction for the established misconduct appropriate to an original disciplinary action in the District. *See In re Dietz,* 675 A.2d 33 (D.C.1996) (per curiam). Neither respondent nor Bar Counsel has filed any exception to the Board's recommendation. In these circumstances, "[t]he deferential standard mandated by [D.C. Bar R. XI, § 9(g)] becomes even more deferential." *In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995). Accordingly, we accept the recommendation of the Board. *See, e.g., In re Reback,* 513 A.2d 226 (D.C.1986) (en banc). It is therefore

ORDERED that respondent be and he hereby is suspended, effective forthwith, for the period of six months from the practice of law in the District of Columbia, with a requirement of proof of fitness for reinstatement pursuant to D.C. Bar R. XI, § 16(d). Respondent's attention is drawn to the provisions of D.C. Bar R. XI, §§ 14 and 16(c) with respect to the obligations

---

**1.** This requirement of proof of fitness is subject to possible vacatur in the event of reinstatement in Maryland, pursuant to the procedure approved in *In re Berger,* 737 A.2d 1033, 1045–46 (D.C.1999). The Board also recommends that, upon any reinstatement, respondent commence a three-year period of supervision by a practice monitor from the District of Columbia Bar with quarterly reports filed with the Board and Bar Counsel. This recommendation, along with issues of restitution, can be considered in conjunction with any petition for reinstatement or vacatur.

 

imposed upon suspended attorneys[2] and their relation to the timing of eligibility for reinstatement.

---

**2.** Respondent failed to comply with such obligations after the order of temporary suspension and hence is ineligible for *nunc pro tunc* treatment.