**In re Quentin W. BANKS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 00–BG–953.**

District of Columbia Court of Appeals.

Submitted Feb. 13, 2001.

Decided March 1, 2001.

Before WASHINGTON, Associate Judge, and PRYOR and GALLAGHER, Senior Judges.

PER CURIAM:

On July 31, 2000, the Board on Professional Responsibility ("Board") issued a report and recommendation concerning Quentin W. Banks. In its report, the Board found that Banks violated the District of Columbia Rules of Professional Conduct by engaging in misconduct involving neglect and dishonesty. The Board recommended that he be suspended for a period of one year and then reinstated only upon a showing of fitness. Neither Bar Counsel nor Banks has filed an exception to the Board's recommendation.

We are required to adopt the recommended disposition of the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(g)(1). "The deferential standard mandated by this provision becomes even more deferential where, as here, the attorney [and Bar Counsel] ha[ve both] failed to contest the proposed sanction." In re Dietz, 675 A.2d 33, 34 (D.C. 1996) (quoting In re Goldsborough, 654 A.2d 1285, 1288 (D.C.1995)). Although the Board determined that Banks' misconduct standing alone would warrant a longer period of suspension, the Board found that there were mitigating circumstances in the case[1] which, when coupled with the delay in the proceedings, made the one year suspension appropriate. See In re Jones–Terrell, 712 A.2d 496, 502 (D.C.1998) (recognizing that delay in the proceedings may justify a lesser sanction if the circumstances are "sufficiently unique and compelling"). Thus, given the lack of any opposition and there appearing no reason not to accept the recommendation of the Board with the qualification set forth by Bar Counsel, it is

ORDERED that Quentin W. Banks is suspended from the practice of law in the District of Columbia for a period of one year. Furthermore, reinstatement of Quentin W. Banks is conditioned upon proof of fitness to practice law in the District of Columbia. Banks' attention is directed to the requirements of D.C. Bar R. XI, § 14 relating to suspended attorneys and their effect on his eligibility for reinstatement. See D.C. Bar R. XI, § 16(c).

*So ordered.*

1. The Board found that Banks' age, the fact that his disciplinary history occurred over a forty-five year period, during which his practice involved primarily poor and indigent clients, and the substance of his practice justified a lesser sanction.