**In re Clinton A. JACKSON, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 00–BG–1465.**

District of Columbia Court of Appeals.

Submitted May 8, 2001.

Decided June 7, 2001.

Before RUIZ, REID, and WASHINGTON, Associate Judges.

PER CURIAM:

On November 14, 2000, the Board on Professional Responsibility ("Board") issued a report and recommendation concerning Clinton A. Jackson. In its report, the Board found that Jackson violated the District of Columbia Rules of Professional Conduct by intentionally misappropriating funds, commingling funds, failing to maintain proper records for his trust account, and failing to protect his client's interests after his representation was terminated. The Board recommended that he be disbarred. Neither Bar Counsel nor Jackson has filed an exception to the Board's recommendation.

We are required to adopt the recommended disposition of the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(g)(1). "The deferential standard mandated by this provision becomes even more deferential where, as here, the attorney [and Bar Counsel] ha[ve both] failed to contest the proposed sanction." *In re Dietz*, 675 A.2d 33, 34 (D.C.1996) (quoting *In re Goldsborough*, 654 A.2d 1285, 1288 (D.C.1995)). The sanction recommended by the Board is not inconsistent with sanctions that this court has imposed for similar disciplinary violations. *See In re Carlson*, 745 A.2d 257, 259 (D.C.2000) (misappropriation alone is sufficient to disbar a respondent); *In re Hollis*, 719 A.2d 965 (D.C.1998) (per curiam); *In re Addams*, 579 A.2d 190 (D.C.1990) (en banc) ("We now reaffirm that in virtually all cases of misappropriation, disbarment will be the only appropriate sanction unless it appears that the misconduct resulted from nothing more than simple negligence."). Thus, given the lack of any opposition and there appearing no reason not to accept the recommendation of the Board, it is

ORDERED that Clinton A. Jackson is disbarred from the practice of law in the District of Columbia. Jackson's attention is called to D.C. Bar R. XI, § 14, including the affidavit requirement of subsection (g), and to the consequences of not timely complying with the requirements of section 14 set forth in D.C. Bar R. XI, § 16(c). For the purposes of reinstatement to the Bar, Jackson's disbarment shall commence on the date he files a sufficient affidavit pursuant to D.C. Bar R. XI, § 14(g).

*So ordered.*