**In re Clinton A. JACKSON, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–1528.**

District of Columbia Court of Appeals.

Submitted May 14, 2002.

Decided June 6, 2002.

Before GLICKMAN and WASHINGTON, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

In 2001, this court disbarred respondent Clinton A. Jackson from practicing law in the District of Columbia, based on findings that he intentionally misappropriated client funds and otherwise violated the District of Columbia Rules of Professional Conduct. *See In re Jackson*, 775 A.2d 1084 (D.C.2001). Respondent is now before us again as the result of an unrelated Bar proceeding which arose from his representation of a claimant before the Office of Workers' Compensation Programs of the United States Department of Labor. Adopting the unchallenged findings of the hearing committee, the Board on Professional Responsibility reports that respondent violated multiple Rules of Professional Conduct. Specifically, the Board concludes that respondent violated Rule 1.3(a) by failing to represent the claimant's interests with diligence and zeal; Rule 1.4(a) by failing to keep his client informed and failing to respond to her repeated requests for information; Rule 1.5(a) by charging and accepting an illegal fee in the amount of $500; and Rule 5.1(b) by failing to supervise the associates he assigned to the claimant's case. Because respondent previously has been disbarred, the Board recommends no further sanction except that respondent be required to make restitution of the illegal $500 fee he received, with interest. Neither Bar Counsel nor respondent takes any exception.

We agree with the Board's report and recommendation. Under D.C. Bar R. XI, § 3(b), we require respondent to make res-

titution to the client whom he injured by accepting an illegal fee in the amount of $500, as a condition of reinstatement. *See In re Travers,* 764 A.2d 242, 251 (D.C. 2000). "The obligation to pay interest is intertwined with the obligation to make restitution," and we direct respondent to pay interest on the principal debt at the legal rate of six percent per annum. *In re Huber,* 708 A.2d 259, 260–61 (D.C.1998); *see* D.C.Code § 28–3302(a) (2001). As respondent already is disbarred, no other sanction is necessary in this case. It suffices that the Board's findings are published and made part of the record, to be considered in the event that respondent seeks reinstatement. *See In re Moore,* 727 A.2d 895, 895 (D.C.1999).

*So ordered.*