### In re Maria C. MENDOZA, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 05–BG–784.

District of Columbia Court of Appeals.

Oct. 27, 2005.

---

Before REID and KRAMER, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility ("Board"), in accord with the Hearing Committee, has found that respondent, Maria C. Mendoza, violated D.C. Rule of Professional Conduct 8.4(c) (dishonesty, fraud, deceit or misrepresentation).[1] Respondent's misconduct originates from a "factoring agreement" she entered into with complainant. Respondent stipulates that beginning in 1994 or 1995, she began accepting appointments under the Criminal Justice Act ("CJA"), and therefore was compensated by the court following submission of voucher forms indicating the work performed. In 1996, she entered into a factoring agreement where respondent would submit copies of CJA vouchers she had submitted to court, and complainant would pay respondent eighty percent of the amount claimed in the voucher. Following reimbursement from the court, the contract required respondent to endorse the check to complainant. However, during 1997–1998, respondent submitted at least twenty-seven vouchers to complainant that had not been submitted to the court for payment. Additionally, many of the vouchers submitted to complainant did not reflect what was later submitted to the court. It should be noted that each voucher swore on its face that it was true and correct. Therefore, respondent received advanced payment on vouchers that had not yet been submitted for payment, but which respondent stated were pending payment by the court. Inquiring as to the delay of the endorsed checks, complainant eventually agreed to accept some repayment for factored vouchers from funds that respondent received from the court on other vouchers or from other income.

---

1. Respondent stipulated to the violation of this rule and to most of the facts in this matter.

Nevertheless, respondent's failure to pay complainant resulted in the closure of complainant's factoring business. In mitigation, respondent submitted that she was having financial troubles during this time in part attributable to delays in the court's payment of CJA vouchers.[2] Further, there was no evidence of prior discipline, and five letters of recommendation from character witnesses were entered into the record.

 The Board agreed with the Hearing Committee's conclusions regarding the rule violation but disagreed with both the Hearing Committee and Bar Counsel as to the sanction. The Hearing Committee recommended a thirty-day suspension to be stayed in favor of a one-year period of probation with the following conditions: 1) respondent's successful payment of debts as required under the Bankruptcy Court order, and 2) her submission of quarterly reports to the Board, with a copy to Bar Counsel, regarding payments required by the bankruptcy order. Bar Counsel recommended a one-year suspension. The Board, however, after analyzing the violations with similar cases and the various sanctions imposed, recommends respondent be suspended for ninety days. Bar Counsel initially filed an exception to the Board's report and recommendation; however, the objection has since been withdrawn. Respondent has not filed any exceptions to the Board's report and recommendation. Thus, we give heightened deference to the Board's recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997); *In re Hitselberger*, 761 A.2d 27 (D.C.2000).

 This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* We find substantial support in the record for the Board's findings, and accordingly, we accept them. Likewise, we adopt the sanction recommended by the Board, as it is not inconsistent with discipline imposed in similar cases. A ninety-day suspension is within the range of discipline for similar violations of dishonesty, fraud, deceit or misrepresentation as in this matter where respondent submitted at least twenty-seven false vouchers to complainant. *See, e.g., In re Kennedy*, 542 A.2d 1225 (D.C.1971) (ninety-day suspension for misrepresenting his salary on a mortgage loan application, practicing law while under suspension for failure to pay dues, and failing to forward a client's payment to his law firm); *In re Schneider*, 553 A.2d 206 (D.C.1989) (sixty-day suspension for altering travel expense reports billed to his client); *In re Bikoff*, No. 95–BG 530 (D.C. July 12, 1995) (sixty-day suspension for misclassifying expenses on client's bills). Accordingly, it is

ORDERED that Maria C. Mendoza is hereby suspended from the practice of law in the District of Columbia for the period of ninety days to commence thirty days from the date of this order. We also direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on her eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

2. Respondent thereafter filed for bankruptcy and listed her debt to respondent as $42,092 while complainant claims a debt of $47,000.

Both parties stipulate that respondent has paid complainant $20,651.76.