**In re Meldon S. HOLLIS, Jr., Petitioner.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 379671).**

**No. 07–BG–504.**

District of Columbia Court of Appeals.

Argued March 4, 2009.

Decided March 26, 2009.

Meldon S. Hollis, Jr., pro se.

Catherine L. Kello, Assistant Bar Counsel, with whom Wallace E. Shipp, Jr., Bar Counsel, and Julia L. Porter, Senior Assistant Bar Counsel, were on the brief, for the Office of Bar Counsel.

Before REID and GLICKMAN, Associate Judges, and STEADMAN, Senior Judge.

PER CURIAM:

Petitioner was disbarred in Maryland in 1997 for various acts of misconduct, including the intentional misappropriation of a client's funds. *Atty. Grievance Comm'n v. Hollis*, 347 Md. 547, 702 A.2d 223 (1997). In 1998, we reciprocally disbarred him in the District of Columbia in a proceeding in which he did not participate. *In re Hollis*, 719 A.2d 965 (D.C.1998). He now seeks readmission to our bar.

■ After an evidentiary hearing extending over three separate days, an Ad Hoc Hearing Committee recommended that readmission be denied. The Board on Professional Responsibility, after reviewing the report of the Hearing Committee and hearing from petitioner, unanimously endorsed this recommendation. While this court must ultimately determine whether an attorney meets the criteria for reinstatement, "the recommendations of the Board and the Hearing Committee are entitled to great weight." *In re Bettis*, 644 A.2d 1023, 1027 (D.C.1994). Here, the Hearing Committee and the Board carefully considered each of the five factors that we have designated for consideration in the disposition of reinstatement petitions. *In re Roundtree*, 503 A.2d 1215, 1217 (D.C. 1985). Both reports are matters of public record and we need not reiterate them here in detail. Each of them finds deficiencies in four of the *Roundtree* factors.[1]

■ Most notably, in assessing "the steps taken to remedy past wrongs," both reports identify the existence of a final judgment in Maryland obtained by the client against petitioner for the misappropriated funds that led to his disbarment there, as well as payments made to the client on account of such misappropriation by the Maryland Client Protection Fund. The evidence in the record does not establish that either of these obligations has been resolved.[2] As the Board rightly notes, steps taken to remedy losses by a lawyer disbarred for misappropriation of client funds are of special concern in deciding whether the lawyer should be reinstated to the practice of law. *See In re Morrell*, 859 A.2d 644, 649–50 (D.C.2004).

In sum, we agree with the Board and the Hearing Committee that petitioner has failed to show "by clear and convincing evidence" that he meets the requirements for reinstatement. D.C. Bar R. XI, § 16(d). We give the requisite "great weight" to their recommendation and adopt it. Accordingly, the petition for reinstatement is denied.

*So ordered.*

---

1. The Board, contrary to the Hearing Committee, concluded that petitioner had shown by clear and convincing evidence the fifth factor of his "present qualifications and competence to practice law." Bar Counsel has taken exception to this conclusion, but we need not resolve the dispute at this point.

2. Petitioner essentially presented unsubstantiated explanations and denials of liability. At oral argument before us, petitioner indicated that efforts are underway in Maryland to deal with these matters. We must rule, however, on the record now before us.